UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-13040 ) Hon. Sean F. Cox |
| Elite Health Centers Inc., Elite Chiropractic, P.C., Elite Rehabilitation, Inc., Midwest Medical Associates, Inc., Pure Rehabilitation, Inc., Derek L Bittner D.C., P.C., Mark A. Radom, Derek Lawrence Bittner, D.C., Ryan Matthew Lukowski, D.C., Michael P. Draplin, D.C., Noel H. Upfall, D.O., Mark J. Juska, M.D., Superior Diagnostic, Inc., Chintan Desai, M.D., Michael J. Paley, M.D., Dearborn Center for Physical Therapy, LLC, Michigan Center for Physical Therapy, Inc., and Jayson Rosett, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### STATE FARM MUTUAL'S
### MOTION FOR LEAVE TO FILE *INSTANTER*
### SUR-REPLY TO DESAI'S MOTION TO DISMISS

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual") respectfully submits this Motion for leave ("Motion") to file *instanter* sur-

reply to defendant Chintan Desai's ("Desai") Motion to Dismiss. This Motion is based on the accompanying brief, which is incorporated herein.

Dated: April 25, 2017

                        By:   /s/ Kathy P. Josephson
                             Ross O. Silverman
                             Kathy P. Josephson
                             Michael M. Rosensaft
                             Matthew R. Ryan
                             Katten Muchin Rosenman LLP
                             525 W. Monroe St.
                             Chicago, IL 60661
                             (312) 902-5200
                             ross.silverman@kattenlaw.com
                             kathy.josephson@kattenlaw.com
                             michael.rosensaft@kattenlaw.com
                             matthew.ryan@kattenlaw.com

                             Thomas W. Cranmer (P25252)
                             David D. O'Brien (P65532)
                             Jeffrey A. Crapko (P78487)
                             Miller, Canfield, Paddock and Stone, PLC
                             840 W. Long Lake Road, Suite 200
                             Troy, Michigan 48098
                             (248) 267-3381
                             cranmer@millercanfield.com

                             *Attorneys for Plaintiff State Farm Mutual Automobile Insurance Company*

## **LOCAL RULE 7.1(a)(2) CERTIFICATE**

I hereby certify that I conferred with counsel for Desai in an attempt to obtain concurrence in the relief sought in this Motion. However, counsel was not able to obtain concurrence in the relief sought in the Motion because Desai is unavailable this week and opposing counsel is thus unable to obtain his consent to the Motion.

Dated: April 25, 2017        /s/ Kathy P. Josephson

*Counsel for Plaintiff State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-13040 |
| | ) | Hon. Sean F. Cox |
| Elite Health Centers Inc., | ) | |
| Elite Chiropractic, P.C., | ) | |
| Elite Rehabilitation, Inc., | ) | |
| Midwest Medical Associates, Inc., | ) | |
| Pure Rehabilitation, Inc., | ) | |
| Derek L Bittner D.C., P.C., | ) | |
| Mark A. Radom, | ) | |
| Derek Lawrence Bittner, D.C., | ) | |
| Ryan Matthew Lukowski, D.C., | ) | |
| Michael P. Draplin, D.C., | ) | |
| Noel H. Upfall, D.O., | ) | |
| Mark J. Juska, M.D., | ) | |
| Superior Diagnostic, Inc., | ) | |
| Chintan Desai, M.D., | ) | |
| Michael J. Paley, M.D., | ) | |
| Dearborn Center for Physical Therapy, LLC, | ) | |
| Michigan Center for Physical Therapy, Inc., and | ) | |
| Jayson Rosett, | ) ) | |
| Defendants. | ) | |

## STATE FARM MUTUAL'S
## BRIEF IN SUPPORT OF MOTION FOR LEAVE
## TO FILE *INSTANTER* SUR-REPLY TO DESAI'S MOTION TO DISMISS

## **STATEMENT OF ISSUES PRESENTED**

Should State Farm Mutual be granted leave to file a sur-reply given that Desai raises new arguments in his reply that he did not set forth in his motion to dismiss?

State Farm Mutual's Answer:   Yes

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ben-Kotel v. Howard Univ.*,
   319 F.3d 532 (D.C. Cir. 2003) .................................................................................. 4

*Eng'g & Mfg. Servs., LLC v. Ashton*,
   387 F. App'x 575 (6th Cir. 2010) ............................................................................. 3

*Grimmett v. Anthem Ins. Cos., Inc.*,
   Case No. 11-12623, Dkt. _____ (E.D. Mich. June 28, 2012) ................................. 3

*Intercept Sec. Corp. v. Code-Alarm, Inc.*,
   164 F.R.D. 215 (E.D. Mich. 1995) ........................................................................... 3

*Key v. Shelby Cty.*,
   551 F. App'x 262 (6th Cir. 2014) ............................................................................. 3

*Laethem Equip. Co. v. Deere & Co.*,
   485 F. App'x 39 (6th Cir. 2012) ............................................................................... 2

*Laws v. Stevens Transp., Inc.*,
   2013 WL 4510395 (S.D. Ohio Aug. 23, 2013) ........................................................ 4

*Marshall v. Navistar Int'l Corp.*,
   168 F.R.D. 606 (E.D. Mich. 1996) ........................................................................... 2

*PaineWebber, Inc. v. Cohen*,
   276 F.3d 197 (6th Cir. 2001) .................................................................................... 2

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES[1]**

*Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575 (6th Cir. 2010)

*Grimmett v. Anthem Ins. Cos., Inc.*, Case No. 11-12623, Dkt. 27 (E.D. Mich. June 28, 2012)

*Key v. Shelby Cty.*, 551 F. App'x 262 (6th Cir. 2014)

*Laws v. Stevens Transp., Inc.*, 2013 WL 4510395 (S.D. Ohio Aug. 23, 2013)

---

[1] These cases are attached as Exhibit 1.

In support of its Motion, State Farm Mutual states the following:

1. On March 1, 2017, five days before the Court denied the other Defendants' motions to dismiss the Complaint [Dkt. 59], Desai filed a motion to dismiss the Complaint [Dkt. 58]. In his motion, Desai argued that the Complaint failed to state a claim upon which relief could be granted and that the Complaint did not plead fraud with specificity, two issues that were virtually identical to the arguments raised by the other Defendants and which were rejected by the Court. Desai also offered one additional argument the other Defendants did not, namely, that State Farm Mutual failed to name Horizon Imaging, LLC ("Horizon"), which, Desai argued, is an indispensable party.

2. State Farm Mutual filed a response, contending that the Complaint satisfied Rule 12(b)(6) and Rule 9, as the Court already concluded with respect to the other Defendants, and Horizon is not a necessary party under Rule 19, and is thus not indispensable. *See* Dkt. 72. On the latter point, State Farm Mutual emphasized that while Horizon may be a joint tortfeasor, joint tortfeasors are not, by virtue of that role, considered necessary parties. *See id.* at 1006–08; *see also PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001); *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012) (joint tortfeasors not necessary under Rule 19(a)(1)(A)); *Marshall v. Navistar Int'l Corp.*, 168 F.R.D. 606, 610

(E.D. Mich. 1996) (joint tortfeasors not necessary under Rule 19(a)(1)(B)(ii) (citing *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 220 (E.D. Mich. 1995)).

3. In his reply, Desai cites a string of cases for the purported proposition that joint tortfeasors like Horizon are necessary parties but fails to mention that a primary case on which he relies has been reversed. Desai also argues for the first time, despite his earlier statements to the contrary, that he "may" be in privity with Horizon and that an absent party in privity with a named party is necessary. As Desai never presented this additional case law and new privity argument before, State Farm Mutual has not had an opportunity to respond to these contentions.

4. "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014); *see Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010) (district court abused its discretion in denying motion to file sur-reply brief because of new arguments raised in opposing party's reply brief); *see also Grimmett v. Anthem Ins. Cos., Inc.*, Case No. 11-12623, Dkt. 27 (E.D. Mich. June 28, 2012), attached as Ex. 1 (granting defendants' motion for leave to file sur-reply because "[p]laintiff has provided new, purported legal authority, and argumentation based on such

3

authority"). Indeed, courts in this circuit, and others, have held that "a district court responding to a request for leave to file a sur-reply routinely grants such motions when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Laws v. Stevens Transp., Inc.*, 2013 WL 4510395, at *2 (S.D. Ohio Aug. 23, 2013); *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).

5.  With respect to the arguments raised in Desai's motion to dismiss pursuant to Rule 12(b)(6) and Rule 9, State Farm Mutual stands on the arguments it made in its response. However, State Farm Mutual respectfully requests that it be given the opportunity to respond to Desai's arguments and case law referenced above, which were raised for the first time in Desai's reply. State Farm Mutual submits that the Court's consideration of the issues raised in Desai's reply would be materially assisted by the proposed sur-reply, which is attached as Exhibit 2, and therefore respectfully requests leave to file it *instanter*.

Dated: April 25, 2017          By:  /s/ Kathy P. Josephson
                                    Ross O. Silverman
                                    Kathy P. Josephson
                                    Michael M. Rosensaft
                                    Matthew R. Ryan
                                    Katten Muchin Rosenman LLP
                                    525 West Monroe Street
                                    Chicago, IL  60661
                                    (312) 902-5200
                                    ross.silverman@kattenlaw.com

4

kathy.josephson@kattenlaw.com
michael.rosensaft@kattenlaw.com
matthew.ryan@kattenlaw.com

Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Jeffrey A. Crapko (P78487)
Miller, Canfield, Paddock and Stone, PLC
840 W. Long Lake Road, Suite 200
Troy, Michigan 48098
(248) 267-3381
cranmer@millercanfield.com

*Attorneys for Plaintiff State Farm Mutual Automobile Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2017, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

Dated: April 25, 2017 /s/ Kathy P. Josephson

*Counsel for Plaintiff State Farm Mutual Automobile Insurance Company*