UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Elite Health Centers, Inc., )<br>Elite Chiropractic, P.C., )<br>Elite Rehabilitation, Inc., )<br>Midwest Medical Associates, Inc., )<br>Pure Rehabilitation, Inc., )<br>Derek L. Bittner, D.C., P.C., )<br>Mark A. Radom, )<br>Derek Lawrence Bittner, D.C., )<br>Ryan Matthew Lukowski, D.C., )<br>Michael P. Draplin, D. C., )<br>Noel H. Upfall, D.O., )<br>Mark J. Juska, M.D., )<br>Superior Diagnostics, Inc., )<br>Chintan Desai, M.D., )<br>Michael J. Paley, M.D., )<br>Dearborn Center for Physical Therapy, L.L.C., )<br>Michigan Center for Physical Therapy, Inc., and )<br>Jayson Rosett, )<br>)<br>    Defendants. | Case No. 16-13040<br>Hon. Sean F. Cox |

**DEFENDANT NOEL H. UPFALL, D.O.'S OBJECTION
TO STATE FARM'S SUBPOENA ISSUED TO FIFTH THIRD BANK AND
MOTION TO QUASH AND FOR PROTECTIVE ORDER**

NOW COMES Defendant Noel H. Upfall, D.O. ("Defendant Upfall"), by and

through his attorneys, pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3)(A), and for his

1

objections to State Farm's subpoena issued on November 28, 2017, to Fifth Third Bank (Exhibit A), states as follows:

1. On or about November 28, 2017, State Farm, by its attorneys, issued a subpoena directed to Fifth Third Bank, requesting information about Defendant Upfall's entity, Noel Upfall, D.O., P.C. ("Upfall, P.C.") and Noel H. Upfall Revocable Trust ("Upfall Trust") ("Subpoena" - Exhibit 1).

2. In Subpoena, State Farm instructs Fifth Third Bank to produce all "responsive documents prepared, sent, dated, received, used or in effect at any time during the period from January 1, 2010, to the date of service of the subpoena" related to non-party Dr. Noel Upfall, D.O., P.C., and to Defendant Upfall's Trust, neither of which are party to this case or are relevant to any issue in this case. (Subpoenas, Preliminary Instructions No. II(A)).

3. The requests for Upfall's Trusts's financial information is inappropriate and does not seek relevant information and is not reasonably calculated to seek relevant information. It is only calculated to harass and intimidate Defendant Upfall and the beneficiaries of the Upfall Trust whose private financial information would be given to State Farm and use for litigation purposes. The financial records of the Upfall Trust are not relevant to this case.

4. Defendant Upfall was an independent contractor for (entity) and received a 1099 reflecting his compensation. His entity, Upfall, P.C., was not named

as a party in this case, and the entity's financial records are not at issue or relevant in this case.

5. The Upfall Trusts's and Upfall, P.C.'s financial information is not relevant or discoverable pursuant to Fed. R. Civ. P. 26.

6. Fed. R. Civ. P. 26(b)(1) provides that the parties to a case may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

7. Under Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv), the Court shall, on timely motion, quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies," or if the subpoena "subjects a person to undue burden."

8. "The only basis upon which a party could have standing to quash a non-party subpoena would be a claim or personal right or privilege. Such rights or privileges have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." See *Waite v Davis*, 2013 U.S. Dist. LEXIS 5253, at *14-15 (SD Ohio, Jan. 14, 2013) (internal citations omitted).; see also *Blumberg v Ambrose*, 2014 U.S. Dist. LEXIS 142781, at *8 (E.D. Mich., Oct. 7, 2014).

9. A party may move for a protective order pursuant to Fed. R. Civ. P. 26(c), which provides that the Court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

10. Defendant Upfall acknowledges that the scope of discovery is broad: "Unless otherwise limited by a court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

11. However, the reach of discovery is not without limit. Rule 26 provides, "the court must limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that… the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Similarly, Rule 45 provides that, on a timely motion, "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i-iv).

12. When determining whether a motion to quash should be granted, the Court must "weigh the likely relevance of the requested material to the investigation against the burden…of producing the material." *E.E.O.C. v. Ford Motor Credit Co*.,

26 F.3d 44, 47 (6th Cir. 1994). Courts have declined to enforce subpoenas that do not strike the proper balance. *Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp.*, 2014 WL 10319321, at *3 (E.D. Mich. July 2, 2014). See *United States v. Gammo*, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006) (quoting *United States v. Theodore*, 479 F.2d 749, 754 (4th Cir.1973), "where it appears that the purpose of the summons is 'a rambling exploration' of a third party's files, it will not be enforced").

13. This district has already limited State Farm's attempt to obtain non-party bank records (neither the Upfall Trust nor Upfall, P.C., are parties to this case) in a case which is directly on point to the case at bar. See *MedCity Rehab Servs., LLC v. State Farm Mut. Auto Ins. Co.*, 2013 U.S. Dist. LEXIS 64670 (E.D. Mich., May 7, 2013).

14. If the subpoena is not quashed, State Farm will have access to financial information related to non-parties Upfall Trust and Upfall, P.C., who are not parties to this case and whose information is not relevant to any of the claims or defenses in this case. The requested information, if produced, would also expose the personal finances of Upfall's wife, family, and trust beneficiaries, none of whom are parties in this case or even mentioned in the Complaint.

15. State Farm does not have any valid reason for invading the Upfall Trust's and Upfall, P.C.'s privacy and accessing their personal financial information.

16. Upfall Trust's and Upfall, P.C.'s banking records for the last 7 years is

not reasonably calculated to lead to the discovery of admissible or relevant information as such period exceeds the length of time Dr. Upfall acted as a contractor for Elite and is merely meant to harass and intimidate Defendant Upfall.

17. This objection is filed within fourteen days of the date of the Subpoena and within the time set for response to the subpoena, and is therefore timely.

18. Pursuant to the provisions of ED Mi LR 7.1(a), the undersigned counsel sought the consent of counsel for the parties to the relief requested here.

19. Pursuant to the provisions of ED Mi LR 26.4(b), a proposed order stating that the information requested is privileged or otherwise protected and describing the type of information to be produced is attached as Exhibit 2. (Proposed Order, Exhibit 2).

WHEREFORE, for all the foregoing reasons, Defendant Upfall requests this Honorable Court grant this Motion and enter an Order:

a. Quashing State Farm's subpoenas served on Fifth Third Bank to the extent the subpoenas request disclosure of confidential, privileged, and/or irrelevant information, including any record that relates to Upfall, P.C., or the Upfall Trust.

b. Granting Defendant Upfall's Motion for Protective Order quashing State Farm's requests for production of privileged, protected, or irrelevant information;

    c.    Ordering State Farm to withdraw the subpoena dated November 28, 2017, and re-issue the subpoenas consistent with the limitations above and provide adequate notice and a copy of same to all parties as required by Fed. R. Civ. P. 45(a)(4); and

    d.    Such other and further relief as is consistent with equity and good conscience.

Respectfully submitted,

JOELSON ROSENBERG PLC

/s/ Peter W. Joelson
Peter W. Joelson (P51468)
pwj@jrlawplc.com
Emily Warren (P76675)
ewarren@jrlawplc.com
*Co-Attorneys for Defendant Noel Upfall, D.O.*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI  48334
(248) 626-9966 fax:  (248) 855-9496

LAW OFFICES OF GARY R. BLUMBERG PC

/s/ Gary R. Blumberg
Gary R. Blumberg (P29820)
grblumberg@blumbergpc.com
*Co-Attorneys for Defendant Noel Upfall, D.O.*
15011 Michigan Ave.
Dearborn, MI 48126
(313) 230-1121

Dated: December 12, 2017

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-13040 |
| | ) | Hon. Sean F. Cox |
| Elite Health Centers, Inc., | ) | |
| Elite Chiropractic, P.C., | ) | |
| Elite Rehabilitation, Inc., | ) | |
| Midwest Medical Associates, Inc., | ) | |
| Pure Rehabilitation, Inc., | ) | |
| Derek L. Bittner, D.C., P.C., | ) | |
| Mark A. Radom, | ) | |
| Derek Lawrence Bittner, D.C., | ) | |
| Ryan Matthew Lukowski, D.C., | ) | |
| Michael P. Draplin, D. C., | ) | |
| Noel H. Upfall, D.O., | ) | |
| Mark J. Juska, M.D., | ) | |
| Superior Diagnostics, Inc., | ) | |
| Chintan Desai, M.D., | ) | |
| Michael J. Paley, M.D., | ) | |
| Dearborn Center for Physical Therapy, L.L.C., | ) | |
| Michigan Center for Physical Therapy, Inc., and | ) | |
| Jayson Rosett, | ) | |
| Defendants. | | |

**BRIEF IN SUPPORT OF DEFENDANT NOEL H. UPFALL, D.O.'S OBJECTION TO STATE FARM'S SUBPOENA ISSUED TO FIFTH THIRD BANK AND MOTION TO QUASH AND FOR PROTECTIVE ORDER**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED................................................................i

CONTROLLING OR MOST APPROPRIATE AUTHORITIES............................ ii

I.    STATEMENT OF FACTS............................................................................1

II.   ANALYSIS....................................................................................................2

III.  CONCLUSION AND REQUEST FOR RELIEF .............................................3

## STATEMENT OF ISSUES PRESENTED

I. Whether State Farm's subpoena to Fifth Third Bank seeking information regarding non-parties Noel Upfall, D.O., P.C., and the Noel Upfall Revocable Living Trust is overly broad and seeks information that is not relevant pursuant to Fed. R. Civ. P. 26(b)(1)?

Defendant Upfall Answers: Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Court Rules*

Fed. R. Civ. P. 26

Fed. R. Civ. P. 45

*Cases*

*Blumberg v Ambrose*, 2014 U.S. Dist. LEXIS 142781 (E.D. Mich., Oct. 7, 2014).

*E.E.O.C. v. Ford Motor Credit Co*., 26 F.3d 44 (6th Cir. 1994).

*MedCity Rehab Servs., LLC v. State Farm Mut. Auto Ins. Co.*, 2013 U.S. Dist. LEXIS 64670 (E.D. Mich., May 7, 2013).

*Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp.*, 2014 WL 10319321 (E.D. Mich. July 2, 2014).

*Waite v Davis*, 2013 U.S. Dist. LEXIS 5253 (S.D. Ohio, Jan. 14, 2013).

I.   **STATEMENT OF FACTS**

On or about November 28, 2017, Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm"), through its counsel, served Notice of Non-Party Subpoena served Fifth Third Bank.  (Exhibit 1, Subpoena, November 28, 2017).   In the subpoena, State Farm requested production of the following information regarding non-parties Noel Upfall, D.O., P.C., and the Noel Upfall Revocable Living Trust (see Exhibit 1):

> Any and all documents or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, deposit slips, withdrawal slips, records of wire transfers, signature cards, loans and/or loan applications, documents related to the opening and/or closing of any account, documents relating to any lockboxes and/or lockbox services (including documents relating to the opening and/or closing of any lockbox), documents related to any reporting or filing with any governmental agency including any CTRs and any Form 1099s, but excluding any SARs, relating to [Noel Upfall, D.O., P.C., and Noel Upfall Revocable Living Trust].

State Farm has presented no need for this information that would permit its discovery or that would outweigh the privacy interests of Noel Upfall, D.O., P.C., or Noel Upfall Revocable Living Trust, or Defendant Noel Upfall's privacy interest in these two entities which are not party to this case nor are they even mentioned in the Complaint.  This Court should follow the direction applied in the *MedCity Rehab*

1

*Servs* case and reject State Farm's subpoenas as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## II. ANALYSIS

State Farm's Complaint, as pled, involves a discrete population of patients who allegedly treated at the named Defendant medical and service providers. State Farm did not name Noel Upfall, D.O., P.C., or the Noel Upfall Revocable Living Trust as Defendants in this case, nor did State Farm allege that either entity was a knowing participant in the alleged "conspiracy." As a result, Noel Upfall, D.O., P.C.'s and Noel Upfall Revocable Living Trust's (and its beneficiaries') financial information is not relevant to the treatment of the patients named in the Complaint and is not arguably even discoverable.

This very issue was addressed by the Court in another RICO case filed by State Farm by its present counsel in *MedCity Rehab Servs., LLC v. State Farm Mut. Auto Ins. Co.*, 2013 U.S. Dist. LEXIS 64670 (E.D. Mich., May 7, 2013). In *MedCity*, State Farm subpoenaed bank records for MedCity Rehab Services, an entity, Dr. Teklehaimanot, a doctor, and Carlos Collins, III, an attorney, who apparently owned MedCity Rehab. The Court granted MedCity's motion to quash the non-party bank records sought and ruled that "to the extent the subpoenas seek financial information regarding Collins's and Dr. Teklehaimanot's personal bank accounts, such a request is overly broad. Therefore, the Court quashes this aspect of the bank subpoenas." *Id.*

2

at *22.

State Farm's allegations in *MedCity* are nearly identical to those made in this case, namely that State Farm was fraudulently induced to pay no-fault benefits. State Farm's Complaint (Dkt. #1) does not allege any other act that would implicate Noel Upfall, D.O., P.C.'s or the Upfall Revocable Living Trust's financial information. Accordingly, Upfall, P.C.'s and the Upfall Trust's financial information is not relevant or discoverable pursuant to Fed. R. Civ. P. 26 and, in this case, as in *MedCity*, State Farm's subpoenas are overly broad, seek production of irrelevant materials, are not reasonably calculated to lead to the discovery of admissible evidence and should be quashed as to Upfall, P.C., and the Upfall Trust.

### III. CONCLUSION AND REQUEST FOR RELIEF

Defendant Noel Upfall, on behalf of himself and Upfall, D.O., P.C., and the Noel Upfall Revocable Living Trust and its beneficiares, hereby objects to the subpoena issued to Fifth Third Bank by State Farm, and moves this Honorable Court to grant this Motion to Quash Subpoena and for Protective Order, and relies upon the provisions of Fed. R. Civ. P. 26(c) and 45(a)(4), and 45(c)(3)(A), and the reasoning set forth in the Motion above.

WHEREFORE, for all the foregoing reasons, Defendant Upfall requests this Honorable Court grant this Motion and enter an Order:

    a.    Quashing State Farm's subpoenas served on Fifth Third Bank to the

       extent the subpoenas request disclosure of confidential, privileged, and/or irrelevant information, including any record that relates to Noel Upfall, D.O., P.C., and the Noel Upfall Revocable Living Trust;

b.    Granting Defendant Upfall's Motion for Protective Order quashing State Farm's requests for production of privileged, protected, or irrelevant information;

c.    Ordering State Farm to withdraw the subpoena dated November 28, 2017, and re-issue the subpoena consistent with the limitations above and provide adequate notice and a copy of same to all parties as required by Fed. R. Civ. P. 45(a)(4); and

d.    Such other and further relief as is consistent with equity and good conscience.

                Respectfully submitted,

                JOELSON ROSENBERG PLC

                /s/ Peter W. Joelson
                Peter W. Joelson (P51468)
                pwj@jrlawplc.com
                Emily Warren (P76675)
                ewarren@jrlawplc.com
                *Co-Attorneys for Defendant Noel Upfall, D.O.*
                30665 Northwestern Hwy., Ste 200
                Farmington Hills, MI  48334
                (248) 626-9966 fax:  (248) 855-9496

|  |  |
|---|---|
|  | LAW OFFICES OF GARY R. BLUMBERG PC |
|  | /s/ Gary R. Blumberg |
|  | Gary R. Blumberg (P29820) |
|  | gblumberg@blumbergpc.com |
|  | *Co-Attorneys for Defendant Noel Upfall, D.O.* |
|  | 15011 Michigan Ave. |
|  | Dearborn, MI 48126 |
|  | (313) 230-1121 |
| Dated: December 12, 2017 |  |

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document along with a Certificate of Service was electronically filed on December 12, 2017, with the Court's e-filing system, which will send notification of such filing to all attorneys of record.

                      /s/ Susan C. Brohman
                        Susan C. Brohman