# Exhibit E

| | |
|---|---|
| **From:** | From, Justin C. |
| **To:** | Vitale, Salvatore J.; rthewlett@varnumlaw.com; emnemeth@varnumlaw.com; dlgiblin@varnumlaw.com |
| **Cc:** | Josephson, Kathy P.; Rosensaft, Michael M.; Ryan, Matthew R. |
| **Subject:** | RE: State Farm v. Elite Health Centers, Case No. 16-13040 |
| **Date:** | Friday, April 20, 2018 4:46:39 PM |
| **Attachments:** | image001.png |
| | Doc 84 - Upfall Obj. to SFMAIC Subpoena to Fifth-Third and Mot. to Quash....pdf |
| | Doc 87 - SFMAIC Resp. in Opp. to Upfall Mot. to Quash Bank Subpoenas.pdf |
| | Doc 89 - Order Denying Upfall Mot. to Quash.pdf |

Sam,

I am writing to follow up on the phone conference we had this morning. At the outset of our conversation, I noted that the response we received from Roco Management, LLC ("Roco") on April 17, 2018 ("Roco's Response") does not contain any representations with respect to whether Roco intends to produce any specific documents or whether it is withholding any specific documents (or specific categories of documents) pursuant to any of its objections. When I asked whether Roco had any intention to produce any documents and whether Roco had made any efforts to collect documents, you stated that you did not know anything on either front and did not have anything specific to discuss with me on either of these topics at this time. You explained that your colleagues, Rich and Eric, may or may not have additional information on these topics, but they have been busy with other matters the past few days. You also explained that your ability to collect information from Roco has been limited because Bill Winsten, counsel for Michael Morse, has been on vacation this week, and you need to coordinate Roco's response with him. As discussed more fully below, the unavailability of Morse's counsel does not present any legitimate basis for Roco to delay its collection and production efforts.

We also discussed three areas of concern that you said Roco has with respect to the subpoena. First, with respect to documents containing what you referred to as "confidential information" pertaining to Roco's investors, you stated that Roco "was not going to waive" the protections that apply to those documents "without a court order." Similarly, you represented that Roco will not produce information related to Morse due to Morse's objections to State Farm's subpoena to Roco. When I asked you to explain what types of confidential information Roco had on its investors, you stated that Roco asks its investors to provide a "significant" amount of background information before they are allowed to invest in Roco. As I stated on our call, Defendant Noel Upfall (who is also an investor in numerous Roco entities) had raised similar objections in response to a subpoena that we had issued to Fifth Third Bank, and the Court rejected that motion. (As a courtesy, the briefing and order from that motion are attached.) I also explained that (as set out in more detail in the attached brief by State Farm), to the extent that you were using the term "confidential information" to encompass financial information pertaining to the defendants and related third parties identified in the subpoena, there is controlling case law that makes clear that there is no privacy interest in that information that would allow Roco to withhold it from production. Accordingly, I informed you that, if Roco persists in its position that it will not produce documents containing financial information of its investors "without a court order," then State Farm will seek sanctions, including fees and costs, against Roco in connection with any motions practice related to this issue.

Second, you discussed what you characterized as the "inadequate" nature of the protective order that is already in place in this case. When I asked you to explain what in particular Roco viewed as

inadequate about that protective order, you stated that Roco felt that an Attorneys' Eyes Only designation was needed to prevent the documents that Roco produces in this case from being shared with anyone other than the attorneys in the case. You explained that Roco has a "unique investor scheme," and it views the scheme itself as proprietary and would not want that information to become public. In response, I noted that it is our position that the protective order that is already in place already provides adequate safeguards for any truly proprietary information. I also explained that we do not see what legitimate concern Roco had with sharing (pursuant to the terms of the protective order that is already in place) any information related to Roco's investor scheme with the parties in this case or any related third parties or other witnesses who sign the Confidentiality Agreement, as none of these individuals or entities are competitors of Roco or operate within the multi-family-rental-property space in which Roco operates. In response, you indicated that several of the parties to the case are investors in Roco entities, and Roco does not want its investors to see its investment scheme. I replied that I did not see any merit to this argument because investors in Roco entities have a financial interest in the success of Roco, and thus, sharing investment information with them would not present a sufficient competitive threat to justify the type of expansive confidentiality treatment that Roco has requested and that would severely limit State Farm's ability to make use of any document Roco produces in this litigation. If Roco continues to insist that it be able to designate its production for Attorneys' Eyes Only treatment, please provide us with any authority you have in support of this position.

Third, you stated that Roco felt the definition of "You" (*i.e.*, Roco) in the subpoena was overly broad because it encompassed 230 different entities. You added that, if State Farm has questions about specific Roco entities, it should limit its requests to just those entities. I responded that we have seen that defendants and related third parties have connections with Roco that appear to involve at least a couple dozen different Roco entities. State Farm is entitled to know the full extent of the defendants' and related third parties' connections to Roco and, given the extensive connections already discovered, need not limit its requests to just the entities to which it has already discovered connections. I further noted that all of the Roco entities appear to be highly interconnected, as they each have David Colman, Michael Colman, or Tyler Ross as an agent, and it appears that a common management group operates all of these entities out of two small offices. You were unable to confirm whether this is true. You also stated that you were not aware of how many individuals from the various Roco entities actually handled communications with investors, whether the Roco entities maintain a common file system, or whether Roco's management group uses the same email accounts to handle communications for the numerous Roco entities. As I noted on our call, to the extent Roco intends to rely on its claim that the number of entities associated with Roco creates an undue burden in responding to State Farm's requests, please provide the specificity required under the Federal Rules to support this objection.

After you confirmed that you were not prepared to provide any information beyond what is already provided in the broad, general objections is Roco's Response, I noted that it did not make sense to continue our call. As I stated on our call, we are willing to make ourselves available for another meet and confer with Roco so long as it happens promptly and Roco's counsel will be prepared during that call to provide specifics regarding which documents it will and will not produce and the basis for any documents it plans to withhold. I requested that such a call take place on Tuesday, April 24, and you agreed to endeavor to make a call on that date work. Please let me know times for which an

attorney for Roco is available to take that call.

Please let me know if any of the above representations regarding our conversation do not reflect it accurately.

Regards,
Justin


**Justin C. From**
Associate
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5522 f / +1.312.902.1061
justin.from@kattenlaw.com / www.kattenlaw.com

---

**From:** From, Justin C.
**Sent:** Thursday, April 19, 2018 2:04 PM
**To:** 'Vitale, Salvatore J.' <sjvitale@varnumlaw.com>
**Subject:** RE: State Farm v. Elite Health Centers, Case No. 16-13040

Thank you, Sam.  I will plan to give you a call at 10:30 AM ET tomorrow.

Regards,
Justin


**Justin C. From**
Associate
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5522 f / +1.312.902.1061
justin.from@kattenlaw.com / www.kattenlaw.com

---

**From:** Vitale, Salvatore J. <sjvitale@varnumlaw.com>
**Sent:** Thursday, April 19, 2018 12:06 PM
**To:** From, Justin C. <justin.from@kattenlaw.com>; Giblin, Debbie L. <dlgiblin@varnumlaw.com>; Hewlett, Richard T. <rthewlett@varnumlaw.com>; Nemeth, Eric M. <emnemeth@varnumlaw.com>
**Cc:** Josephson, Kathy P. <kathy.josephson@kattenlaw.com>; Rosensaft, Michael M. <michael.rosensaft@kattenlaw.com>; Ryan, Matthew R. <matthew.ryan@kattenlaw.com>
**Subject:** RE: State Farm v. Elite Health Centers, Case No. 16-13040

Justin,

I am available to discuss today until 4:00pm EST or anytime tomorrow.

Thank you,

Sam Vitale | Varnum LLP | (248) 567-7426

---

**From:** From, Justin C. [mailto:justin.from@kattenlaw.com]
**Sent:** Wednesday, April 18, 2018 11:50 AM
**To:** Giblin, Debbie L.; Vitale, Salvatore J.; Hewlett, Richard T.; Nemeth, Eric M.
**Cc:** Josephson, Kathy P.; Rosensaft, Michael M.; Ryan, Matthew R.
**Subject:** RE: State Farm v. Elite Health Centers, Case No. 16-13040

Counsel,

Please let us know your availability this Thursday and Friday for a meet and confer on Roco Management's response to State Farm's subpoena.

Regards,
Justin


**Justin C. From**
Associate
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5522 f / +1.312.902.1061
justin.from@kattenlaw.com / www.kattenlaw.com

**From:** Giblin, Debbie L. <dlgiblin@varnumlaw.com>
**Sent:** Tuesday, April 17, 2018 2:06 PM
**To:** Josephson, Kathy P. <kathy.josephson@kattenlaw.com>; Ryan, Matthew R. <matthew.ryan@kattenlaw.com>; cranmer@millercanfield.com
**Cc:** Vitale, Salvatore J. <sjvitale@varnumlaw.com>; Hewlett, Richard T. <rthewlett@varnumlaw.com>; Nemeth, Eric M. <emnemeth@varnumlaw.com>
**Subject:** State Farm v. Elite Health Centers, Case No. 16-13040

Dear Counsel,

Attached please find Non-Party Roco Management, LLC's Objections to Plaintiff's Subpoena and Proof of Service.

Sincerely,

**Debbie Giblin**
Legal Assistant
Direct: (248) 567-7838

cid:image001.png@01D3D7DC.7AD961C0


Varnum LLP                                  Main: (248) 567-7400
39500 High Pointe Blvd., Ste. 350           Fax: (248) 567-7423
Novi, Michigan 48375                        www.varnumlaw.com

```
============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information
intended for the exclusive
use of the individual or entity to whom it is addressed and may contain
information that is
proprietary, privileged, confidential and/or exempt from disclosure under
applicable law.  If you
are not the intended recipient, you are hereby notified that any viewing,
copying, disclosure or
distribution of this information may be subject to legal restriction or
sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients and
delete the original
message without making any copies.
============================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability
partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
============================================================
```