UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**ORDER REGARDING MOTIONS REFERRED ON MAY 25, 2018 (DE 163, referring DEs 136, 141, 143, 144, 145, 146, 148, 149, 150, 151, 152, 153, 154,**

# 156, 157, 159), SETTING A HEARING DATE AND ADJOURNING EXISTING HEARING DATE

On May 25, 2018, Judge Cox referred the following motions to me for a hearing and determination (hereinafter, "the Referred Motions"):

- Motion for Leave to File Instanter Motion to Compel Against Michael Morse by State Farm Mutual (DE 136)

- Motion for Order to Show Cause why 2875 Maple LLC Should not be Held in Contempt for Failing to Comply with Subpoena by State Farm Mutual (DE 141)

- Motion to Compel Harriet Morse to Produce Documents Responsive to State Farm Mutual's Subpoena (DE 143)

- *Sealed* Motion to Compel Harriet Morse to Produce Documents Responsive to State Farm Mutual's Subpoena (DE 144)

- Motion to Compel Roco and Jackier Gould to Produce Documents Responsive to State Farm Mutual's Subpoenas (DE 145)

- *Sealed* Motion to Compel Roco and Jackier Gould to Produce Documents Responsive to State Farm Mutual's Subpoenas (DE 146)

- Motion for Order to Show Cause why Barron Transportation LLC and FS Complete Transportation Services LLC Should not be Held in Contempt for Failing to Comply with Subpoenas by State Farm Mutual (DE 148)

- Motion to Compel Defendant Chintan Desai, and Third Parties MI Imaging LLC and Joshua Katke, to Produce Documents by State Farm Mutual (DE 149)

- Motion to Compel Kotz Sangster Wyskocki P.C. and Keith Soltis to Produce Documents Responsive to State Farm Mutual's Subpoenas (DE 150)

- *Sealed* Motion to Compel Kotz Sangster Wyskocki P.C. and Keith Soltis to Produce Documents Responsive to State Farm Mutual's Subpoenas (DE 151)

- Motion to Compel the Elite Defendants to Produce Documents and Respond to Second Set of Interrogatories by State Farm Mutual (DE 152)

- *Sealed* Motion to Compel the Elite Defendants to Produce Documents and Respond to Second Set of Interrogatories by State Farm Mutual (DE 153)

- Motion to Compel Michael Paley to Produce Documents and Information by State Farm Mutual (DE 154)

- Motion to Compel Ken Jackson and K Jacks Investigative Consulting to Produce Documents Responsive to Subpoenas by State Farm Mutual (DE 156)

- Motion to Authorize and Compel Comcast and Sprint to Produce Documents in Response to State Farm Mutual's Subpoenas (DE 157)

- Motion to Compel Depositions of State Farm's Employees in Michigan by Defendants (DE 159)

**A. Motion for leave to file instanter motion to compel against Michael Morse and supporting exhibit (DEs 136, 137)**

The Court issued a Text-Only order on May 25, 2018 granting in part State Farm Mutual's Motion for leave to file instanter motion to compel against Michael Morse (DE 136), and stating that Plaintiff's proposed motion may not exceed 40

3

pages. The May 25, 2018 Text-only order also struck the supporting sealed exhibit (DE 137) for failure to comply with Local Rule 5.3 and ¶ 14 of the Stipulated Protective Order. The Court now orders that Respondent Michael Morse's response brief, if any, shall not exceed 40 pages, and Plaintiff's reply brief, if any, shall not exceed 12 pages.

### B. Motions and Exhibits filed under seal

The Court notes that several motions (DEs 144, 146, 151, 153) and exhibits (DEs 137, 142, 155, 158) have been filed under seal. On May 25, 2018, the Court entered a Text-Only Order striking DE 137 (Exhibit A to DE 136, and consisting of 937 pages) in its entirety for failure to comply with Local Rule 5.3 and the parties' Stipulated Protective Order (DE 82, ¶ 14). The parties are further directed to my Practice Guidelines, "Protective Orders," which provide, in pertinent part:

> The entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which is not to be publically disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential. *See, i.e., Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.,* No. 16-5055, 2016 WL 4410575 (6th Cir. July 27, 2016).

http://www.mied.uscourts.gov/altindex.cfm?pagefunction=pgToPDFAll&judgeID=51. As the Sixth Circuit recently made clear, "[t]he courts have long recognized … a 'strong presumption in favor of openness' as to court records." *Shane Group,*

4

*Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). "The burden of overcoming that presumption is borne by the party that seeks to seal them" and "is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (citations omitted). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations,'" and "[i]n like fashion, a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 305-06 (citations omitted).

The parties are directed to review the remaining submissions filed under seal (DEs 142, 144, 146, 151, 153, 155, 158) and confirm that the submissions meet the requirements of E.D. Mich. LR 5.3 and the parties' Stipulated Protective Order (DE 82), and withdraw and/or re-file any motion(s) or exhibit(s) as necessary, on or before **FRIDAY, JUNE 8, 2018**. Thereafter, the Court will conduct its own Rule 5.3 compliance review, *sua sponte*. The parties should give each other reasonable advanced notice of their intention to file any documents or information for which the opposing party might reasonably be expected to seek exclusion from the public record.

### C. Order regarding Referred Motions

The parties are directed to follow the briefing schedule for all motions as set forth in E.D. Mich. LR 7.1(e)(2), **and to read and follow my Practice Guidelines, and in particular the Guidelines regarding Discovery and Motion Practice**. The parties are specifically directed to meet and confer in person or by videoconferencing (i.e., face-to-face) in advance of the hearing, for a minimum of **<u>one hour per motion</u>**, for an item-by-item discussion of each issue in dispute. If unresolved issues remain, the parties shall then cooperatively file a Joint List of Resolved and Unresolved Issues separately for each motion by **MONDAY, JULY 16, 2018 at 10:00 a.m.**, certifying that they have met as directed above, including the date, start time and end time of the meeting, and setting forth the issues that remain unresolved. The Joint Statement should not rehash the parties' arguments, which have likely been extensively briefed already, but should simply aim to make the Court's job easier by identifying any resolved issues and *quickly* addressing the Rule 26(b)(1) factors, if appropriate, for any unresolved issues. Further, to the extent any issues are resolved after submission of the Joint Statement, the parties with respect to that motion must immediately so inform the Court. In the event all disputed issues are resolved prior to the hearing, the motion must be withdrawn immediately thereafter or the parties with respect to that motion shall file a stipulation incorporating their agreement in a proposed

order prior to the scheduled hearing date.  <u>The proposed order must be submitted for entry by the undersigned Magistrate Judge</u>.

The Referred Motions are scheduled for hearing on **THURSDAY, JULY 19, 2018**, **at 10:00 a.m.** the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan.  The Court has scheduled the entirety of the day for hearing the pending motions in this case, if necessary, with a lunch break to be taken at an appropriate time.

<u>The hearings on DE 132 (Motion to Quash) and DE 131 (Motion to Compel Full and Complete Response to the Second Request for Admission Served on March 30, 2018 and to Determine Sufficiency of State Farm's Objections Under Rule 36), presently scheduled for June 15, 2018, are hereby **ADJOURNED to JULY 19, 2018 at 10:00 a.m.**, to take place when the other above-described motions are heard.  With respect to these two motions, the parties must comply with the meet and confer requirements and the Joint List of Unresolved Issues requirements and deadlines set forth above.</u>

The Court may rule on some of the pending motions without oral argument, at its discretion, once it has received sufficient information to do so.

**IT IS SO ORDERED.**

Dated: June 1, 2018　　　　　　　　　s/Anthony P. Patti　　　　　　　　
　　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 1, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti
