UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C., ET AL.,

    Defendants.

Case No. 2:16-cv-13040-SFC-APP
Hon. Sean F. Cox

---

### NON-PARTY KOTZ SANGSTER WYSOCKI P.C'.S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL

NOW COMES non-party KOTZ SANGSTER WYSOCKI, PC[1], and hereby moves for leave to file a Response to State Farm's Reply Brief in Support of its Motion to Compel Kotz to Produce Documents and says as follows:

    1.    Local Rule 7.1(c) provides for briefs in opposition to motions, and a reply brief by the moving party – but by its silence the Rule suggest no further briefing is allowed.

---

[1] As we noted at footnote 1 of our original Response in Opposition, duplicate subpoenas were served on both the Firm and one of its attorneys, Keith J. Soltis. We consider all documents potentially responsive to be the property of the Firm, and expressly disavow that Mr. Soltis has anything of his own to separately produce.

1

2. Here Kotz filed its Brief in Opposition to Plaintiff's Motion to Compel on May 31, 2018[2], and Plaintiff filed its Reply on June 14.

3. Kotz's Brief in Opposition specifically pointed out that although State Farm well knew of the legal significance of *Miller v. Allstate Insurance Company*, 481 Mich. 601 (2008) AND Michigan Attorney General Opinion No. 6770, Frank J. Kelley, Attorney General, September 17, 1993, Plaintiff's utter failure to address these authorities suggested that Plaintiff was thus acknowledging that it had no argument against their applicability here. See Kotz Brief in Opposition at 5-6. (Excerpt attached as Exhibit A) We believe Plaintiff's counsel was obligated by Michigan Rule of Professional Conduct 3.3(a)(2) to have disclosed these authorities in its Motion to Compel. Plaintiff is certainly free to seek to distinguish such authorities, but failing to do so until its Reply Brief unfairly leaves Kotz with no opportunity to respond.[3]

4. Equally fundamentally, Plaintiff's Reply Brief seeks to redefine the very rationale for seeking discovery from a non-party, practicing attorney. We compare Plaintiff's two differing rationales *seriatim*.

---

[2] As confirmed by footnote 1 of Plaintiff's Amended Motion (filed on June 8) such Motion varies from Plaintiff's original Motion only by elimination of an exhibit filed under seal. There was, accordingly, no need to file an "amended" Brief in Opposition

[3] We are anxious to explain the lameness of Plaintiff's Reply regarding *Miller v. Allstate, supra* [they don't deign mention the Attorney General Opinion, at all], but feel constrained to do so without the leave sought here.

2

A. In its very introduction, Plaintiff's Brief in Support assets that it seeks to compel Kotz Sangster Wysocki P.C. and attorney-member Keith Soltis

". . . to produce documents highly relevant to the fraud scheme at the heart of this case. Soltis formed all of the Elite Entities as non-profit corporations, which SMAIC alleges in the Complaint was a fraudulent attempt to circumvent Michigan's restrictions on who can own and profit from medical clinics."

Plaintiff's Brief in Support . . . Introduction, page 1.

B. In its Reply Brief, Plaintiff now asserts –

"Defendants' use of non-profit corporations and purported management companies (D&M) to circumvent laws on who can own entities that provide chiropractic and medical services, conceal the ownership of Radom and Bittner, and siphon profits to themselves, is a critical component of the scheme, and is an appropriate topic to explore in discovery."

Plaintiff's Reply Brief, page 5.

Plaintiff does not reply to the reality that "Mr. Soltis" did not incorporate any of the challenged entities (See Kotz Sangster Brief in Opposition at page 7, excerpt attached as Exhibit B) but now change their argument to allege Defendants – but NOT Mr. Soltis -- schemed to "siphon profits to themselves". The use of management companies (variously owned by some of the Defendants), which were paid for providing administrative services to the non-profit Defendants to "siphon profits" is nowhere mentioned in Plaintiff's Motion to Compel, it is now asserted as a basis for overcoming Kotz's objections to even being

involved here. As Plaintiff well knows (State Farm conducted his deposition!), Mr. Soltis has already testified extensively about this issue. Again we feel presently constrained to expose the flaws in Plaintiff's <u>new</u> argument – see footnote 2, *supra*, absent the granting of this Motion.

5. The foregoing considered, it is fundamentally unfair to withhold critical legal analysis until a Reply Brief, to which no response is permitted (except by the leave sought here) and equally unfair to change the rationale for the discovery sought in a similar manner – depriving the opposing party of any meaningful opportunity to respond.

WHEREFORE, Movant prays for entry of an Order permitting the filing of a prompt further Response in Opposition to Plaintiff's Reply Brief, limited to the two noted issues, and not exceeding 5 pages of textual argument.

                                                    **KOTZ SANGSTER WYSOCKI P.C.**

Dated: July 12, 2018                 /s/ Jeffrey A. Heldt
                                                  By: Jeffrey A. Heldt (P14849)
Attorneys for Non-Parties
Kotz Sangster Wysocki P.C.
and Keith J. Soltis
36700 Woodward Ave., Suite 202
Bloomfield Hills, MI 48304
(248) 646-1050
jheldt@kotzsangster.com