# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,
        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT
        Defendants.

_____/

Case No. 2:16-cv-13040

District Judge Sean F. Cox

Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART STATE FARM MUTUAL'S AMENDED MOTION TO COMPEL KOTZ SANGSTER WYSOCKI P.C. AND KEITH SOLTIS TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENAS (DEs 150, 151, 189)

This matter is before the Court for consideration of Plaintiff State Farm Mutual's amended motion to compel Kotz Sangster Wysocki P.C. and Keith Soltis to produce documents responsive to subpoenas (DE 189),[1] nonparties Kotz Sangster Wysocki P.C. and Keith J. Soltis's response in opposition (DE 168), State Farm Mutual's reply (DE 204), and the joint statement of resolved and unresolved issues (DE 242-4). Judge Cox referred this motion for hearing and determination (DE 163), and a hearing was noticed for August 3, 2018.

The Court stated in its notice of hearing that it may rule on some of the pending motions without oral argument, at its discretion, once it has received sufficient information to do so. (DE 169.) Upon consideration of the motion papers, and the narrowed unresolved issues identified in the joint statement, the Court will exercise that discretion here. For the reasons set forth below, State Farm Mutual's motion is **GRANTED IN PART** and **DENIED IN PART**.

## A. Procedural History

According to State Farm Mutual's motion, on December 7, 2017, State Farm Mutual served subpoenas on Kotz Sangster Wysocki P.C. ("Kotz Sangster"), a law firm, and attorney Keith Soltis, who is a partner at Kotz Sangster. On December

---

[1] State Farm Mutual's amended motion (DE 189) replaced the motion to compel and sealed motion to compel filed against Kotz Sangster and Soltis on May 15, 2018, which contained a sealed exhibit (Exhibit 17). (DEs 150, 151.) The only changes to the motion are the unsealing of Exhibit 17 and the removal of redactions that were contained in the motion that relate to Exhibit 17.

21, 2017, Kotz Sangster served general objections to the subpoena, including objecting that the subpoena "directly impinges on attorney-client privilege" and about the cost of compliance with the subpoena. Soltis served his general objections on January 9, 2018, adopting Kotz Sangster's objections. On January 30, 2018, State Farm Mutual conferred with counsel for Kotz Sangster and Soltis and stated that "it was not requesting privileged communications at this time nor a privilege log, but reserved the right to make such a request in the future should the need arise." (DE 189 at 27-28.) The parties exchanged a list of proposed ESI search terms, and Kotz Sangster, on behalf of both itself and Soltis, offered to review a universe of about 2,000 potentially responsive non-privileged documents, but added a demand that State Farm Mutual agree to pay Kotz Sangster's legal fees of $4,000. State Farm Mutual disputes that it should be required to pay Kotz Sangster's legal fees because it has taken reasonable steps to avoid imposing undue burden or expense on Kotz Sangster and Soltis. (*Id.*; see also DEs 189-27, 189-28 & 189-30.)

In their joint statement of resolved and unresolved issues, Kotz Sangster states that it does not object to producing documents responsive to State Farm Mutual's subpoenas; however, Plaintiff and Kotz Sangster have identified two remaining unresolved issues: (1) whether State Farm Mutual should be required to pay Kotz Sangster's legal fees incurred to conduct a privilege review of responsive

documents before being required to produce them; and (2) whether the crime-fraud exception would vitiate any potential privilege claims to be made by Kotz Sangster. (DE 242-4.)

**B.    Analysis**

### 1.    State Farm Mutual is not required to pay Kotz Sangster's legal fees to conduct a privilege review

Kotz Sangster does not object to producing documents responsive to the subpoena, but argues that State Farm Mutual is required to pay Kotz Sangster's legal fees incurred to conduct a privilege review of responsive documents before it is required to produce them. State Farm Mutual responds that Kotz Sangster's legal fees are not costs attributable to subpoena compliance and thus are not reimbursable, and that Kotz Sangster has failed to provide an affidavit or other evidence required to support its argument of undue burden.

Federal Rule of Civil Procedure 45(d)(2) provides that "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena[,]" and Rule 45(d)(2)(B)(ii) protects non-parties who object to the subpoena from incurring "significant expense resulting from compliance." However, "protection of a non-party from significant expense does not necessarily mean that the party issuing the subpoena must bear the entire cost of compliance." *See Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2012 WL 13005370, at *2 (E.D. Mich. Apr. 2, 2012) (citations

omitted).  Additionally, "a privilege review does not benefit the requesting party and is generally an expense that, absent some unusual circumstances, should be borne by the responding party." *Id.* ("declin[ing] to award any attorney fees to [the subpoena recipient] for its compliance with the subpoena, with the scope as limited by the parties' agreement"). Kotz Sangster and Soltis have failed to present evidence of any such "unusual circumstances" in this case or otherwise cite any law to the contrary.

Further, although Kotz Sangster and Soltis have generally objected to producing documents responsive to the subpoenas based on an "undue burden," they have failed to support that assertion with affidavits or any other evidence to substantiate this objection.  *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 224 (E.D. Mich. 2016) ("If the subpoenaed nonparty … asserts that disclosure would subject it to undue burden under Rule 45(d)(3)(A), it must show that disclosure will cause it a 'clearly defined and serious injury.'") (internal quotations and citations omitted); *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *14 (E.D. Mich. Nov. 26, 2013) ("[W]here [the respondent] has not supported his claim of burden by affidavit or otherwise, his bare assertion is insufficient to permit refusal to comply with the subpoena in its entirety."). Accordingly, Kotz Sangster's and Soltis's undue burden argument also fails.

Therefore, Kotz Sangster and Soltis are **ORDERED** to produce documents responsive to State Farm Mutual's subpoenas, as agreed in the joint statement (DE 242-4 at 2), by **August 14, 2018**, and State Farm Mutual is not required to pay Kotz Sangster its legal fees incurred as a result of any privilege review.

### 2. State Farm Mutual's argument regarding the crime-fraud exception is not ripe

State Farm Mutual argues that, to the extent Kotz Sangster claims privilege over any responsive documents, the crime-fraud exception vitiates any potentially applicable attorney-client privilege or work product protection. Kotz Sangster responds that privilege waiver based on the crime-fraud exception is not properly before the Court because the privilege belongs to the Firm's clients, and the Firm is not in a position to "waive" anything. Kotz Sangster argues that if State Farm Mutual wants to challenge Defendants' invocation of the privilege, it can do so, but in a motion directed to the parties who have the privilege, not a third party. While the Court finds merit in Kotz Sangster's argument, it need not reach this issue at this time as State Farm Mutual expressly stated that it is not "requesting privileged communications at this time nor a privilege log." (DE 189 at 27-28; see also *id.* at 30.) Moreover, in the absence of a privilege log, identifying specific documents and the basis for their being withheld, the Court is no position to rule on the application of the crime-fraud exception, or to identify the documents to which the exception might apply, if any. The Court further finds that State Farm Mutual has

failed to articulate a proper basis for Kotz Sangster's and Soltis's attorney work product to be produced. Accordingly, whether the crime-fraud exception applies to any documents withheld based on attorney-client privilege is not at issue, and State Farm Mutual's motion to compel is **DENIED** to the extent it asserts that the crime-fraud exception vitiates any potentially applicable attorney-client privilege or work-product protection.

### C. Order

Accordingly, for the reasons set forth above, State Farm Mutual's amended motion to compel Kotz Sangster Wysocki P.C. and Keith Soltis to produce documents responsive to State Farm Mutual's subpoenas (DE 189) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Kotz Sangster and Soltis shall produce documents responsive to State Farm Mutual's subpoenas, as agreed in the parties' joint statement (DE 242-4 at 2), by **August 14, 2018**; and

- Whether the crime-fraud exception applies to vitiate claims of attorney-client privilege is not ripe for consideration at this time.

**IT IS SO ORDERED.**

Dated: July 31, 2018          s/*Anthony P. Patti*
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

7

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on July 31, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti