UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, ) ) ) Plaintiff, ) ) v. ) ) Elite Health Centers Inc., ) Elite Chiropractic, P.C., ) Elite Rehabilitation, Inc., ) Midwest Medical Associates, Inc., ) Pure Rehabilitation, Inc., ) Derek L. Bittner D.C., P.C., ) Mark A. Radom, ) Derek Lawrence Bittner, D.C., ) Ryan Matthew Lukowski, D.C., ) Michael P. Draplin, D.C., ) Noel H. Upfall, D.O., ) Mark J. Juska, M.D., ) Superior Diagnostic, Inc., ) Chintan Desai, M.D., ) Michael J. Paley, M.D., ) Dearborn Center for Physical Therapy, LLC, ) Michigan Center for Physical Therapy, Inc., and ) Jayson Rosett, ) ) Defendants. ) | Case No. 16-13040 Hon. Sean F. Cox Hon. Anthony P. Patti |

**JOINT STATEMENT OF RESOLVED AND
UNRESOLVED ISSUES REGARDING KENNETH JACKSON
AND K JACKS CONSULTING MOTION TO QUASH AND FOR
PROTECTIVE ORDER REGARDING STATE FARM'S SUBPOENAS
ISSUED TO BANK OF AMERICA AND CITIZENS BANK [DKT. 180]**

State Farm Mutual Automobile Insurance Company ("State Farm Mutual")

and Kenneth Jackson and K Jacks Consulting ("Jackson") submit this Joint

Statement pursuant to the Court's order of July 24, 2018. Counsel for Jackson and counsel for State Farm Mutual certify that they met and conferred in good faith concerning Jackson's Motion to Quash Bank Subpoenas and for Protective Order (the "Motion") on July 26, 2018 from 10:40 to 11:10 a.m., Eastern Time, and again on July 31, 2018.

### RESOLVED ISSUES

As it did in its Response to the Motion, State Farm Mutual indicated during the July 26, 2018 meet and confer that Bank of America ("BOA") has represented that it does not have any documents pertaining to the bank account identified in the subpoena that State Farm Mutual served on BOA. Accordingly, the portion of Jackson's motion pertaining to BOA is now moot.

### UNRESOLVED ISSUES

With respect to State Farm Mutual's subpoena to Citizens Bank, Jackson and State Farm Mutual have not resolved the issues in dispute regarding Jackson's Motion, and respectfully request a ruling from the Court on the Motion.

A.   **Jackson's Position**

During the July 26, 2018 meet and confer Jackson conveyed two (2) main areas of concern with respect to State Farm Mutual's Subpoena to Citizens Bank, as follows:

(1) The bank subpoena is overreaching in that it asks for all of Jackson's banking

records, which would include transactions with all of his clients, whether related to issues in the present lawsuit or not. As Kenneth Jackson is a licensed private investigator there is obviously great concern of others having unfettered access to documents which would disclose the identity of his clients, as well as unrelated financial information.

(2) Jackson expressed concern that if the documents were voluntarily produced to State Farm Mutual by Jackson, State Farm Mutual would later argue that such disclosure was a voluntary waiver of any privilege and use such a disclosure as a basis to obtain further "privileged" documents.

In an effort to address both of those concerns and resolve the pending Motion Jackson proposed that State Farm Mutual send the documents it received from Citizens Bank to counsel for Jackson, who would then go through the documents and send back the bank documents that are responsive to the subpoena previously served on Jackson (also the subject of a Motion to Compel currently scheduled to be heard by this Court on August 3, 2018 [DKT. 156]). Jackson would prepare a privilege log with respect to any documents that are not related to the parties to this lawsuit and not responsive to documents requested by State Farm Mutual in the subpoena previously served upon Jackson. Further, Jackson requested an agreement that State Farm Mutual would not later attempt to argue that such a voluntary disclosure constituted a waiver of any "privilege." Counsel

for State Farm Mutual indicated it would speak to its client regarding such an agreement. On July 31, 2018 counsel for State Farm said that it was not in agreement and it wanted full access to Jackson's banking records.

### B.     State Farm Mutual's Position

Jackson's proposal that he review his bank records and determine which of those records to produce to State Farm Mutual is a non-starter. A non-party responding to a subpoena, in this case banks, produces documents directly to the requesting party. One reason for this is that "there is no better assurance that all requested documents are produced than to seek them from parties with no stake in the outcome of th[e] litigation." *Blumberg v. Ambrose*, 2014 WL 4988380, at *4 (E.D. Mich. Oct. 7, 2014). Indeed, at least one court in this District has explicitly rejected defendants effort to argue that "they are entitled . . . to review the documents produced pursuant to subpoena [to a third-party bank] before they are produced." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC.*, 2016 WL 7042201, at *3 (E.D. Mich. June 16, 2016).

Moreover, the Rule 26(b)(1) proportionality factors favor State Farm Mutual for numerous reasons. First, Jackson's bank records are relevant because he has significant connections to this scheme. In particular, he worked for personal-injury attorney Michael Morse ("Morse"), who represented many of the patients at issue in this case, and received thousands of dollars in payments from Accident

4

Information Bureau, LLC ("AIB"), a marketing company owned by Defendant Jayson Rosett ("Rosett"), which used unofficial police reports unlawfully obtained from local police officers and others to solicit auto accident victims to treat with Defendants or become represented by Morse. Thus, Jackson's bank records will "illuminate the scope and details of the fraud scheme, the involvement and relationships among defendants and related third parties involved in the scheme, [and] how the fraud scheme operated." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 707 (E.D. Mich. 2017), *aff'd,* 2017 WL 3116261 (E.D. Mich. July 21, 2017).

Second, there is no support for Jackson's frivolous argument that his bank records are protected by what he characterizes as the "investigator–client privilege." Third, Jackson cannot argue that the subpoena would impose an undue burden because Citizens Bank has already produced the requested records, and thus, he cannot satisfy a critical component of the showing required to carry his burden. Fourth, the amount in controversy—at least $1,200,000—is sufficient to warrant SFMAIC's discovery. *Id.* at 706–07. Fifth, allowing the requested discovery would further issues of "significant" public importance, *see id.* (noting public interest in combatting healthcare fraud), and provide State Farm Mutual with access to information it has not been able to obtain through other sources.

5

                                      Respectfully submitted,

Dated:  August 1, 2018        */s/ with the consent of Kathy P. Josephson*
Ross O. Silverman
Kathy P. Josephson
Michael M. Rosensaft
Matthew R. Ryan
Justin C. From
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
ross.silverman@kattenlaw.com
kathy.josephson@kattenlaw.com
michael.rosensaft@kattenlaw.com
matthew.ryan@kattenlaw.com
justin.from@kattenlaw.com

Thomas Cranmer
Miller Canfield
840 W. Long Lake Rd., Suite 200
Troy, MI 48098
(248)-267-3381
cranmer@millercanfield.com

*Attorneys for Plaintiff State Farm Mutual Automobile Insurance Company*

                                      Respectfully submitted,

Dated:  August 1, 2018        */s/JUSTIN HAAS*
JUSTIN HAAS (P53153)
HAAS & GOLDSTEIN, P.C.
*Attorney for Non-Party Jackson*
31275 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
(248) 702-6550
jhaas@haasgoldstein.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2018, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

/s/JUSTIN HAAS