UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART AND DENYING IN PART STATE FARM
MUTUAL'S MOTION TO MAINTAIN DOCUMENTS UNDER SEAL
(DE 190) AND GRANTING DEFENDANT MARK RADOM'S MOTION
FOR PROTECTIVE ORDER TO MAINTAIN DIVORCE DOCUMENTS
UNDER SEAL (DE 227)</u>**

This matter is before the Court for consideration of Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm Mutual") motion to maintain documents under seal (DE 190), Defendant Mark Radom's motion for protective order to maintain divorce documents under seal (DE 227), and State Farm Mutual's response (DE 240). Judge Cox referred these motions to me for hearing and determination. (DEs 200, 258.)

A.  **Background**

On or about May 15, 2018, Plaintiff State Farm Mutual filed several motions and exhibits under seal. (*See, e.g.,* DEs 144, 146, 151, 153, 155, 158.) On June 1, 2018, the Court entered an Order addressing, in part, motions and exhibits filed under seal and directing the parties to review the submissions under seal to ensure compliance with Local Rule 5.3 and the parties' Stipulated Protective Order, and to withdraw and/or re-file any motion(s) or exhibit(s) as necessary. (DE 169.)

On June 8, 2018, Plaintiff State Farm Mutual filed its motion to maintain documents under seal, seeking to maintain under seal: (1) unredacted versions of its previously filed motions to compel (DEs 144, 146 and 153) (the "Sealed Motions"); and (2) the following exhibits attached to the Sealed Motions and/or to State Farm Mutual's motion filed as DE 157 (the "Sealed Exhibits"):

- Mark Radom's interrogatory answers for his divorce proceedings (Exhibit L to DE 146; and also referred to in State Farm Mutual's motion to compel against Harriet Morse (DEs 143, 144));

- Noel Upfall's 2016 tax returns (Exhibit R to DE 146);

- Elite Entities' Profit and Loss Statements (Exhibit 15 to DE 153);

- Elite Entities' 2015 Tax Returns (Exhibit 16 to DE 153);

- Elite Health's responses to State Farm Mutual's second set of interrogatories (Exhibit 17 to DE 153);

- Mark Juska's responses to State Farm Mutual's first set of interrogatories (Exhibit 7 to DE 157);

- Noel Upfall's responses to State Farm Mutual's first set of interrogatories (Exhibit 8 to DE 157); and

- Ryan Lukowski's responses to State Farm Mutual's first set of interrogatories (Exhibit 9 to DE 157).

State Farm Mutual explained that it filed the Sealed Motions and Sealed Exhibits under seal because each reflected or contained information that the producing parties had designated as "Confidential" pursuant to the Stipulated Protective Order agreed to in this matter.

Pursuant to paragraph 10 the Stipulated Protective Order (DE 82), which addresses "declassification" of documents designated as "Confidential," State Farm Mutual challenged the Confidentiality designation of Mark Radom's interrogatory responses (Exhibit L to DE 146) on June 5, 2018. (DE 190 at 14.) Defendant Mark Radom filed a motion for protective order to maintain divorce

documents under seal on June 27, 2018 (DE 227), and State Farm Mutual filed a response in opposition on July 11, 2018 (DE 240).

On June 6, 2018, counsel for State Farm Mutual contacted counsel for Defendants requesting them to advise whether they would de-designate the following documents as Confidential under the Protective Order:

- Elite Health's responses to State Farm Mutual's second set of interrogatories (Exhibit 17 to DE 153);

- Mark Juska's responses to State Farm Mutual's first set of interrogatories (Exhibit 7 to DE 157);

- Noel Upfall's responses to State Farm Mutual's first set of interrogatories (Exhibit 8 to DE 157); and

- Ryan Lukowski's responses to State Farm Mutual's first set of interrogatories (Exhibit 9 to DE 157).

(DE 190 at 13.) According to State Farm Mutual, after it did not receive a response, it sent a written objection to Defendants prior to filing the instant June 8, 2018 motion challenging the Confidentiality designation of the above documents. (*Id.* at 15.)

### B. Legal Standard

Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The parties' designation of certain documents as "confidential" under a protective order does

not satisfy that burden. "[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Id.* (citation and internal quotation marks omitted). "Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]' … 'At the adjudication stage, however, very different considerations apply.'" *Id.* (citation omitted). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Id.* (quoting *Brown*, 710 F.2d at 1181).

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption

5

is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citations omitted). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *Knoxville News*, 723 F.2d at 476). And, "even when a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (citation omitted). The "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public' … even if neither party objects to the motion to seal." *Id.* at 306 (citation omitted). This latter obligation begins, however, with the parties, who must furnish those good reasons to the Court when making their sealing request. *See id.*

### C. Analysis

The Court finds, after reviewing Plaintiff State Farm Mutual's motion to seal (DE 190) and Defendant Radom's motion and Plaintiff's response (DEs 227, 240), that Plaintiff's motion to seal should be granted in part and denied in part, and that Defendant Radom's motion should be granted, for the reasons set forth below:

#### 1. Defendants' discovery responses

The Elite Defendants previously designated the following documents as "Confidential" pursuant to the Stipulated Protective Order:

- Elite Health's responses to State Farm Mutual's second set of interrogatories (Exhibit 17 to DE 153 (DE 153-2));

- Mark Juska's responses to State Farm Mutual's first set of interrogatories (Exhibit 7 to DE 157 (DE 158));

- Noel Upfall's responses to State Farm Mutual's first set of interrogatories (Exhibit 8 to DE 157 (DE 158-1)); and

- Ryan Lukowski's responses to State Farm Mutual's first set of interrogatories (Exhibit 9 to DE 157 (DE 158-2)).

Pursuant to paragraph 10 of that Protective Order, State Farm Mutual served a written objection challenging the Confidentiality designation of these four documents on June 8, 2018. Under the Protective Order, once a party has challenged the Confidentiality designation of a document, a party who seeks to maintain the designation "must file an appropriate motion with the court" within fourteen days of receiving the Objection. (DE 82 at ¶ 10.) To date, Defendants have not filed a motion addressing the continued confidentiality of the above documents, and the time for bringing such a motion under the Stipulated Protective Order has passed. Nor have Defendants filed a response to State Farm Mutual's motion to maintain documents under seal. As a result, the Elite Defendants have waived "Confidential" protection of these documents.

Accordingly, the Elite Defendants have failed to carry the substantial burden of presenting compelling reasons for sealing the documents above, and the Court will deny the motion to seal these records (DEs 153-2, 158, 158-1, & 158-2).

**2. Mark Radom's interrogatory answers in his divorce case**

Defendant Radom previously designated the following document as "Confidential" pursuant to the Stipulated Protective Order:

- Mark Radom's interrogatory answers for his divorce proceedings (Exhibit L to DE 146 (DE 146-1)); and also referred to in State Farm Mutual's motion to compel against Harriet Morse (DEs 143, 144).

State Farm Mutual served a written objection challenging the Confidentiality designation of this document on June 5, 2018. Defendant Radom responded by filing a timely motion for protective order to maintain divorce documents under seal (DE 227), to which Plaintiff State Farm Mutual filed a response (DE 240).[1]

Defendant Radom argues that this single document, generated in a separate and completely unrelated case (his divorce case against Amy Radom), should be sealed to "prevent Radom from being unfairly prejudiced, humiliated, and harassed, and prevent a protected and irrelevant document from being made part of

---

[1] Pursuant to the procedure set forth in the Court's June 14, 2018 Order regarding motions, which requires parties to seek leave of Court via a letter request prior to filing any additional motions (DE 202), Defendant Radom first filed a letter requesting leave to file his motion for protective order to maintain divorce documents under seal on June 14, 2018. (DE 205.) That request was granted on June 27, 2018, and Defendant Radom promptly filed his motion. (DE 227.) Thus, under the Court's own procedure, the motion is considered timely.

the pubic record for no discernable reason." (DE 227 at 7-8.) Radom explained that his discovery responses at issue "contain[] routine questions regarding individual and marital assets, expenses, retirement accounts, the parties' health, minor children and other facts at issue in the divorce case," that the parties to the divorce case stipulated to the entry of a protective order which survived the conclusion of the divorce, and that Radom's discovery responses were never filed with the Court or made part of the public record in that case. (*Id.* at 5-6.) Thus, Radom concludes, his discovery responses from his divorce case "are not necessary to an adjudicatory process at this time, and should remain under seal until it becomes necessary to unseal it, if ever." (*Id.* at 9.)

State Farm Mutual responds that Radom has failed to sustain his burden to establish that the discovery responses should be sealed. (DE 240 at 5-7.) It asserts that Radom's reliance on the fact that the discovery responses were subject to a protective order in his divorce case is "misplaced," and that the discovery responses are "highly relevant" to State Farm Mutual's claims because they contain information showing Michael Morse's "substantial connections with and involvement in virtually every component of the alleged scheme." (*Id* at 7-9.)

The Court finds that Defendant Radom's (and potentially non-party Amy Radom's) interest in the privacy of the information in the Radom discovery responses outweighs the public's interest in access to that information, at least at

9

this time. *See Knoxville News*, 723 F.2d at 474 ("[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know."); *Knopp v. Cent. Mich. Cmty. Hosp.*, No. 09-10790-BC, 2010 U.S. Dist. LEXIS 32714, at*4 (E.D. Mich. Apr. 2, 2010) (allowing employee evaluation of non-party to be filed under seal because "the [extraneous personal] information is not material to the resolution of the motion" and the non-party's "interest in the privacy of that information outweighs the public's interest in access"). As Radom explains, these discovery responses contain information regarding marital assets, expenses, retirement accounts, income information, and other facts at issue in the divorce case, and his interest in keeping this information private outweighs the public's interest in access to this information, at this time.

Accordingly, Radom's motion for protective order to maintain divorce documents under seal is **GRANTED**.

### 3. Tax returns and profit and loss statements

The Elite Defendants and Dr. Upfall previously designated the following documents as "Confidential" pursuant to the Stipulated Protective Order:

- Noel Upfall's 2016 tax returns (Exhibit R to DE 146);
- Elite Entities' Profit and Loss Statements (Exhibit 15 to DE 153);
- Elite Entities' 2015 Tax Returns (Exhibit 16 to DE 153).

Plaintiff State Farm Mutual argues that tax returns and profit and loss statements contain the type of financial information that courts have recognized is entitled to confidential treatment, and, moreover, that Congress has designated tax returns as confidential under the tax code, 26 U.S.C. § 6103(a). (DE 190 at 17-18.) State Farm Mutual asserts that the public's interest in these documents is minimal, and that it is requesting leave to file information under seal in order to resolve a discovery motion, not a dispositive or evidentiary motion, citing *Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d 445, 448 (D. Mass. 2015) (noting that the "pendulum swings the other way [in favor of the public interest] for materials filed in connection with non-discovery motions, like motions for summary judgment").

The Courts finds that disclosure of the tax returns and profit and loss statements could reveal sensitive, private, personally-identifiable information that should not be disclosed to third persons. *See Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F.Supp.3d 759, 784 (S.D. Ohio 2018) ("Courts have recognized the strong interest in keeping personal financial records from public view.") (collecting cases). Accordingly, the Court **GRANTS IN PART** State Farm Mutual's motion to seal and orders that (1) Noel Upfall's 2016 tax returns (Exhibit R to DE 146); (2) Elite Entities' Profit and Loss Statements (Exhibit 15 to DE 153); and (3) Elite Entities' 2015 Tax Returns (Exhibit 16 to DE 153) be kept under seal and may not

be made public except by court order. *See Furth v. Zanic*, No. 1:06CV411, 2008 WL 1130207, at *3 (N.D. Ohio Oct. 15, 2008) (ordering tax returns be kept under seal); *Guzman v. Consumer Law Group, P.A.*, No. CV 111-187, 2015 WL 3827102, at *2 (S.D. Ga. June 19, 2015) (finding that "the public policy concern expressed by Congress in 26 U.S.C. § 6103 outweighs the public's interest in access to" tax return information); *Re: Kare Distrib., Inc. v. Jam Labels & Cards LLC*, No. 09-969 (SDW), 2011 WL 13238500, at *2 (D.N.J. Dec. 19, 2011) (finding that defendants possess a legitimate privacy interest in the highly confidential information in their tax returns that warrants protection from disclosure); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2011 WL 3652754, at *3 (E.D.N.C. Aug. 18, 2011) (sealing profit and loss statements because they "contain business information potentially harmful to their competitive standing").

### 4. Sealed motions

Finally, State Farm Mutual seeks to maintain under seal the "Sealed Motions," DEs 144, 146, and 153. State Farm Mutual filed these three motions under seal and also filed redacted versions of these motions at DEs 143, 145 and 152. State Farm Mutual asserts that it only seeks to redact and maintain under seal the specific information in the motions designated Confidential by the Elite Defendants. DEs 144 and 146 contain references to Defendant Radom's divorce

responses, which the Court has agreed shall be sealed.  DE 146 also contains information from Noel Upfall's 2016 tax returns, which shall remain under seal.  And DE 153 contains information from The Elite Entities' 2015 tax returns and profit and loss statements, which shall remain under seal.  Because State Farm Mutual's redactions are narrowly tailored to redact the specific information maintained under seal, Plaintiff's motion to file these motions under seal is **GRANTED.**

    **D.**    **Order**

Accordingly, for the reasons set forth above, Plaintiff State Farm Mutual's motion to maintain documents under seal (DE 190) is **GRANTED IN PART and DENIED IN PART**, and Defendant Radom's motion for protective order to maintain divorce documents under seal (DE 227) is **GRANTED**.  The following documents shall be maintained as sealed:

- The "Sealed Motions" (DEs 144, 146 and 153);

- Mark Radom's interrogatory answers for his divorce proceedings (Exhibit L to DE 146; and also referred to in State Farm Mutual's motion to compel against Harriet Morse (DEs 143, 144));

- Noel Upfall's 2016 tax returns (Exhibit R to DE 146);

- Elite Entities' Profit and Loss Statements (Exhibit 15 to DE 153);

- Elite Entities' 2015 Tax Returns (Exhibit 16 to DE 153).

The following documents shall not be maintained as sealed, and must be re-filed:

- Elite Health's responses to State Farm Mutual's second set of interrogatories (Exhibit 17 to DE 153);

- Mark Juska's responses to State Farm Mutual's first set of interrogatories (Exhibit 7 to DE 157);

- Noel Upfall's responses to State Farm Mutual's first set of interrogatories (Exhibit 8 to DE 157); and

- Ryan Lukowski's responses to State Farm Mutual's first set of interrogatories (Exhibit 9 to DE 157).

**IT IS SO ORDERED.**

Dated: August 1, 2018        s/*Anthony P. Patti*
                                                  Anthony P. Patti
                                                  UNITED STATES MAGISTRATE JUDGE


### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 1, 2018, electronically and/or by U.S. Mail.

                                                  s/Michael Williams
                                                  Case Manager for the
                                                  Honorable Anthony P. Patti