UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,
                                        Case No. 2:16-cv-13040
                                        District Judge Sean F. Cox
       Plaintiff,                Magistrate Judge Anthony P. Patti

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART NON-PARTIES KENNETH JACKSON'S AND K JACKS INVESTIGATIVE CONSULTING'S MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING STATE FARM MUTUAL'S BANK SUBPOENAS (DE 180)

This matter is before the Court for consideration of non-parties Kenneth Jackson's and K Jacks Investigative Consulting's (collectively, "Jackson") motion to quash and for protective order regarding State Farm's subpoenas issued to Bank of America and Citizens Bank (DE 180), Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm Mutual") response in opposition (DE 222), and the joint statement of resolved and unresolved issues (DE 266). Judge Cox referred this motion for hearing and determination (DE 200), and a hearing was noticed for August 3, 2018.

On the date set for hearing, attorneys Justin Haas, Kathy Josephson, Michael Rosensaft and Matthew Allen appeared in my courtroom and the Court entertained oral argument regarding the unresolved issues.

Upon consideration of the motion papers, stipulations placed on the record and oral argument of counsel, and for all of the reasons stated on the record by the Court, which are herein incorporated by reference, Jackson's motion to quash and for protective order (DE 180), as narrowed by the August 1, 2018 statement of resolved and unresolved issues (DE 266), is **GRANTED IN PART and DENIED IN PART** as follows:

1. The motion to quash and for protective order pertaining State Farm Mutual's subpoena to Bank of America is **DENIED as moot** because Bank of America has represented that it does not

have any documents pertaining to the bank account identified in the subpoena served on it by State Farm Mutual.

2. The motion to quash as to Citizen's Bank is **DENIED** as untimely filed pursuant to Fed. R. Civ. P. 45(d)(2)(B) and (3). The subpoena was issued to Citizen's Bank on April 23, 2018 (DE 180 at 38-42), and counsel for Jackson received notice of the subpoena on May 17, 2018 (DE 274), but did not file the instant motion to quash until June 8, 2018 (DE 180). Although counsel for Jackson served "written objections" to the subpoena on May 31, 2018 (DE 222-2), those objections were so vague and general as to amount to no objection as all. *See Strategic Mktg. & Res. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and [should] not be considered by the Court.") (citation omitted).

3. Further, the banking records sought in the subpoena are not protected by the attorney-client privilege or the Michigan investigator-client privilege, MCL 338.840, because they do not constitute communications with an attorney, communications from a client to the investigator, or "information secured in connection with an assignment." Moreover, the records sought are relevant and proportional to the needs of the case.

4. Jackson is not permitted to review the documents produced pursuant to the subpoena prior to production of the documents to State Farm Mutual.

5. The parties have agreed to file a supplement to the Stipulated Protective Order governing this matter (DE 82) by **Friday, August 10, 2018**, that will allow "interested persons" to designate documents as "Confidential" pursuant to paragraph 2 of the Stipulated Protective Order (DE 82, ¶ 2).

Finally, the Court declines to award costs to either side, because both sides' positions were substantially justified, the issues required rulings from the Court, and the statement required by Local Rule 7.1(a)(2) was incomplete.

**IT IS SO ORDERED.**

Dated: August 7, 2018        s/*Anthony P. Patti*
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document sent to parties of record on August 7, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti