UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART AND DENYING IN PART
STATE FARM MUTUAL'S MOTION TO COMPEL DEFENDANT
CHINTAN DESAI, AND THIRD PARTIES M1 IMAGING LLC AND
JOSHUA KATKE TO PRODUCE DOCUMENTS (DE 149)</u>**

This matter is before the Court for consideration of Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm Mutual") motion to compel Defendant Chintan Desai and third parties M1 Imaging LLC and Joshua Katke to produce documents (DE 149), Defendant Desai's and nonparties M1 Imaging (M1) and Joshua Katke's responses in opposition (DEs 194, 196, 220), State Farm Mutual's reply briefs (DEs 224, 231) and the joint statement of resolved and unresolved issues (DE 243). Judge Cox referred this motion for hearing and determination (DE 163), and a hearing was noticed for August 3, 2018.

On the date set for hearing, attorneys Gregory Wagoner, Ziyad Hermiz, Kathy Josephson, Michael Rosensaft and Matthew Allen appeared and the Court entertained oral argument regarding the unresolved issues.

Upon consideration of the motion papers, stipulations placed on the record, and oral argument of counsel, and for all of the reasons stated on the record by the Court, which are herein incorporated by reference, State Farm Mutual's motion to compel (DE 149), as narrowed by the joint statement of resolved and unresolved issues (DE 243), is **GRANTED IN PART and DENIED IN PART**, as follows:

1. As to State Farm Mutual's motion to compel Dr. Desai's discovery responses, Dr. Desai is ordered to respond as follows, <u>for the January 1, 2010 through October 13, 2015 time period</u>:

a. **Interrogatory Nos. 2, 4, 8, and 11:** Dr. Desai's objections are overruled and he must provide responses to these interrogatories, subject to the time period identified above, on or before **August 17, 2018**.

b. **Request No. 12:** The Court sustains Dr. Desai's objections to the request for "[a]ll Documents reflecting or relating to Your financial condition or the financial condition of any business in which you have had an ownership interest from 2010 to the present" as vague and overly broad. However, Dr. Desai must respond to the remainder of the request for the more specific documents identified as "any general ledgers, balance sheets, income statements, and account statements" and for "accounting documents … kept in electronic form such as QuickBooks, produce those ledgers and/or documents in electronic form," subject to the time period identified above, and produce responsive documents on or before **August 24, 2018**.

c. **Request No. 13:** Dr. Desai's objections are overruled and he must respond to the request, subject to the time period identified above, and produce responsive documents on or before **August 24, 2018**.

d. **Request No. 14:** The Court sustains Dr. Desai's objections to the request for "[a]ll Documents relating to any banking or financial accounts" as vague and overly broad. However, Dr. Desai must otherwise respond to this request, subject to the time period identified above, and produce responsive documents limited to bank statements, evidence of deposits, cancelled checks, and wire transfers, in or out of the account, on or before **August 24, 2018**.

e. **As to Request Nos. 15, 18 and 21,** the motion is **DENIED as moot.**

2. As to State Farm Mutual's motion to compel M1 to comply with the February 28, 2018 subpoena, for the reasons stated at the hearing, M1

is ordered to respond as follows, <u>for the May 13, 2013 through March 24, 2016 time period</u>:

  a. **Request No. 3:** M1's objections are overruled and it must respond to this request, subject to the time period identified above, and produce responsive documents related to Dr. Chintan Desai on or before **August 24, 2018**.

  b. **Request No. 4:** M1's objections are overruled with respect to subparts (c) and (d), and it must respond to this request, subject to the time period identified above, and produce responsive documents related to Dr. Chintan Desai on or before **August 24, 2018**.

  c. **Request No. 5:** M1's objections are overruled and it must respond to this request, subject to the time period identified above, and produce responsive documents related to Dr. Chintan Desai on or before **August 24, 2018**.

  d. **Request No. 6:** M1's objections are overruled and it must respond to this request based upon the patients identified by State Farm pursuant to the Protective Order, subject to the time period identified above, and produce responsive documents on or before **August 24, 2018**.

  e. **Request No. 9:** The subpoena to M1 does not contain a Request No. 9.

  f. **Request No. 11:** M1's objections are overruled and it must respond to this request, subject to the time period identified above, and produce responsive documents related to Dr. Chintan Desai on or before **August 24, 2018**.

3. As to State Farm Mutual's motion to compel Katke to comply with the December 7, 2017 subpoena,[1] consistent with the reasons stated at

---

[1] The joint statement of resolved and unresolved issues only stated that "the disputed issues "[w]ith respect to Katke and M1," concern Requests 3, 4, 5, 6, 9, and 11 (See DE 243 at 3), but did not indicate whether the disputed requests at

the hearing, Katke is ordered to respond as follows, <u>for the May 13, 2013 through March 24, 2016 time period:</u>

a. **Request No. 6:** Katke's objections are overruled and he must respond to this request, subject to the time period identified above, and produce responsive documents related to Dr. Chin tan Desai on or before **August 24, 2018**.

b. **Request No. 9:** Katke's objections are overruled and he must respond to this request, subject to the time period identified above, and produce responsive documents related to Dr. Chin tan Desai on or before **August 24, 2018**.

Finally, the Court declines to award costs to either side.

**IT IS SO ORDERED.**

Dated: August 8, 2018     s/*Anthony P. Patti*
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 8, 2018, electronically and/or by U.S. Mail.

                                                         s/Michael Williams
                                                         Case Manager for the
                                                         Honorable Anthony P. Patti

---

issue were contained in M1's or Katke's subpoena responses (DEs 194-4, 194-5), which in turn were not attached to the Plaintiff's motion papers. In addition, the parties did not differentiate between these two subpoena responses at the August 3, 2018 hearing. In any event, based on State Farm Mutual's motion, which indicates that Katke's responses to Request Nos. 6 and 9 are at issue, in addition to M1's responses to Request Nos. 3, 4, 5, 6, and 11, the Court will separately address those responses now.