UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## **INTERIM ORDER REGARDING STATE FARM MUTUAL'S MOTION TO COMPEL KEN JACKSON AND K JACKS INVESTIGATIVE CONSULTING TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENAS (DE 156)**

This matter is before the Court for consideration of Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm Mutual") motion to compel Ken Jackson and K Jacks Investigative Consulting to produce documents responsive to subpoenas (DE 156), nonparties Kenneth Jackson and K Jacks Investigative Consulting's ("Jackson") response in opposition (DE 185), State Farm Mutual's reply brief (DE 234) and the joint statement of resolved and unresolved issues (DE 242-2). Judge Cox referred this motion for hearing and determination (DE 163), and a hearing was noticed for August 3, 2018.

On the date set for hearing, attorneys Justin Haas, Kathy Josephson, Michael Rosensaft and Matthew Allen appeared and the Court entertained oral argument regarding the unresolved issues. The Court also entertained oral argument from attorneys I. W. Winsten and Gary Blumberg regarding this motion.

Upon consideration of the motion papers, stipulations placed on the record, and oral argument of counsel, and for all of the reasons stated on the record by the Court, which are herein incorporated by reference, the Court holds State Farm Mutual's motion to compel (DE 156) in abeyance and makes the following interim rulings regarding State Farm Mutual's motion to compel Ken Jackson and K Jacks Investigative Consulting to produce documents responsive to subpoenas (DE 156), as narrowed by the joint statement of resolved and unresolved issues (DE 242-2):

1. The parties are not required to agree to an additional protective order, beyond the supplemental/amended protective order the parties stipulated on the record to have entered (regarding the ability of interested parties to designate materials as confidential), as the existing Stipulated Protective Order provides adequate protection to nonparties, and counsel for Jackson agrees to execute and abide by the current Stipulated Protective Order (DE 82).

2. Jackson's March 22, 2018 and April 13, 2018 objections to the January 31, 2018 subpoena issued by State Farm Mutual and served on February 17, 2018, with the exception of objections based on privilege, are overruled because they constitute improper and unsupported general objections and for any other reasons stated on the record. However, Jacksons' responses to the subpoena will be limited to the "221 Patients" identified by State Farm Mutual.

3. Jackson will produce a privilege log, as required by Fed. R. Civ. P. 45(e)(2)(A), on or before **August 17, 2018**, identifying all documents withheld on the basis of privilege, and including sufficient information to describe the nature of the document(s) withheld and the basis of the privilege asserted.

4. The Court orders supplemental briefing on the issue of the investigator-client privilege (and the attorney-client privilege, if applicable in this context), including specifically addressing the following issues:

    a. The application of the investigator-client privilege at MCL 338.840 by the federal courts;

    b. The "scope" of the investigator-client privilege at MCL 338.840;

    c. Whether any regulations under the Administrative Procedures Act (APA) address the investigator-client privilege, MCL 338.840, or the private investigator industry;

d. What the exception in the statute, "except as may be required by law" covers (i.e., whether it includes a federal subpoena); and

   e. How the crime-fraud exception applies to the investigator-client privilege, especially in the context of solicitation of clients.

The supplemental briefing is limited to:

   (1) fifteen (15) pages for Plaintiff State Farm Mutual; and

   (2) fifteen (15) pages for Defendants and non-parties, together, with counsel for Jackson to take the lead on the briefing.

All briefing is due on or before **August 24, 2018**.


**IT IS SO ORDERED.**

Dated: August 8, 2018                s/*Anthony P. Patti*
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing order was sent to parties of record on August 8, 2018, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti