UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Case No. 16-13040

     Plaintiff,

vs.

       Hon. Sean F. Cox

ELITE HEALTH CENTERS INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN
MATTHEW LUKOWSKI, D.C.,
MICHAEL P. DRAPLIN, D.C.,
NOEL H. UPFALL, D.O., MARK
J. JUSKA, M.D., SUPERIOR
DIAGNOSTIC, INC., CHINTAN
DESAI, M.D., MICHAEL J.
PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, LLC, MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., AND JAYSON
ROSETT,

       Magistrate Judge Anthony Patti

     Defendants.

_____ /

## MOTION & MEMORANDUM OF LAW FOR A PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 AND FOR STAY OF DISCOVERY

On April 18, 2018, Non-Party Robert Rosett ("Mr. Rosett") learned he was the target of a Federal investigation when the FBI raided his Florida residence. During that raid, the FBI seized Mr. Rosett's computers, cellular phone, and documents regarding certain defendants in this case, including Mr. Rosett's son, Jayson Rosett ("Jayson"), and entities owned and/or operated by him (the "Rosett PT Entities"[1]). On May 17, 2018, Mr. Rosett was informed via a letter from the Department of Justice that he is a target in an ongoing investigation (**Exhibit 1**).

On July 16, 2018, Plaintiff served Mr. Rosett with a subpoena, which seeks communications between Mr. Rosett, the Rosett PT Entities, and Jayson that are inextricably linked to the ongoing criminal investigation (the "Subpoena") (**Exhibit 2**). Requiring Mr. Rosett to respond to the Subpoena will require him to assert his Fifth Amendment privilege against self-incrimination.

Mr. Rosett's counsel sought the concurrence of Plaintiff's counsel in the relief requested by this motion on July 30, 2018, but concurrence was denied.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law, Mr. Rosett respectfully requests that this Court enter an order staying discovery sought from or through him during the pendency of the criminal investigation against him.

---

[1] "Rosett PT Entities" shall mean Dearborn Center for Physical Therapy, LLC, Michigan Center for Physical Therapy, Inc., and Oak Park Center for Physical Therapy, Inc.

1

Respectfully Submitted,


JAFFE, RAITT, HEUER & WEISS, P.C.

By: /s/ Ethan R. Holtz
      Ethan R. Holtz (P71884)
      27777 Franklin Road, Suite 2500
      Southfield, Michigan 48034
      (248) 351-3000
      eholtz@jaffelaw.com

Date: August 27, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Plaintiff,

vs.

ELITE HEALTH CENTERS INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN
MATTHEW LUKOWSKI, D.C.,
MICHAEL P. DRAPLIN, D.C.,
NOEL H. UPFALL, D.O., MARK
J. JUSKA, M.D., SUPERIOR
DIAGNOSTIC, INC., CHINTAN
DESAI, M.D., MICHAEL J.
PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, LLC, MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., AND JAYSON
ROSETT,

       Defendants.

_____ /

Case No. 16-13040

Hon. Sean F. Cox

Magistrate Judge Anthony Patti

**<u>MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY ROBERT
ROSETT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26 AND FOR STAY OF
DISCOVERY</u>**

# **TABLE OF CONTENTS**

<u>Page</u>

INDEX OF AUTHORITIES......................................................................... ii

STATEMENT OF ISSUE PRESENTED.................................................. iii

ARGUMENT ..............................................................................................1

I.    The Law Governing Stays of Discovery in Light of a Criminal
Investigation..................................................................................1

II.    A Balancing of the Governing Factors Requires a Stay of Discovery
Sought From or Through Mr. Rosett in this Case .......................2

      A.    Overlap of Issues .................................................................2

      B.    Status of the Criminal Investigation ...................................2

      C.    The Private Interest of Plaintiff Weighed Against the
Prejudice of Delay ..............................................................3

      D.    The Private Interests of and Burden on Individuals ...........4

      E.    The Interests of the Courts...................................................5

      F.    The Public Interest ...............................................................5

CONCLUSION ...........................................................................................5

# <u>INDEX OF AUTHORITIES</u>

**Cases**                                                              **Page**

*In re Adelphia Communications Sec Litig*,
  2003 WL 22358819 (ED Pa 2003) .................................................................3, 5

*Brock v. Tolhow*
  (E.D.N.Y. 1985) 109 F.R.D. 116.....................................................................3, 4

*Chao v. Fleming*,
  498 F. Supp. 2d 1034 (W.D. Mich. 2007) ..........................................................3

*F.T.C. v. E.M.A. Nationwide, Inc*.,
  767 F.3d 611 (6th Cir. 2014) ..............................................................................1

*Hoffman v. United States*,
  341 U.S. 479 (1951).............................................................................................1

*Lefkowitz v. Turley*,
  414 U.S. 70 (1973)...............................................................................................1

*In re Marceca*
  (Bankr. S.D.N.Y. 1991) .......................................................................................2

*In re: Modern Plastic Corp*,
  890 F3d 244 (6th Cir 2018) .................................................................................4

*Par Pharm. Sec. Litig*.
  (S.D.N.Y. 1990) 133 F.R.D. 12 ..........................................................................2

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v.
  Transworld Mech., Inc*., 866 F. Supp 1134 (N.D. Ind. 1994) .............................3

*Walsh Securities, Inc. v. Cristo Property Management, LTD*., 7 F.
  Supp. 2d 523 (D. NJ. 1998) ................................................................................3

**Rules**

Fed R Civ P 45(d) ......................................................................................................4

ii

4203671

## <u>STATEMENT OF ISSUE PRESENTED</u>

Whether this Court should order a protective order and a stay of discovery sought from or through Mr. Rosett in this action to protect his constitutional right against self-incrimination?

Mr. Rosett answers: Yes.

Plaintiff answers: No.

4203671

## **ARGUMENT**

A balancing of the relevant factors compels this Court to exercise its discretion to issue a protective order and stay discovery sought from or through Mr. Rosett during the pendency of the criminal investigation against him.

## I.     The Law Governing Stays of Discovery in Light of a Criminal Investigation

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V; *Hoffman v. United States*, 341 U.S. 479, 485-86 (1951). "This provision of the Amendment must be accorded liberal construction in favor of the right it was intended to secure." *Id*. "The Amendment … privileges [a witness] not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). The factors a court should consider and balance in determining whether to grant a stay are:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. [*F.T.C. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 672 (6th Cir. 2014) (citation omitted).]

1

## II.    A Balancing of the Governing Factors Requires a Stay of Discovery Sought From or Through Mr. Rosett in this Case

### A.    Overlap of Issues

Upon information and belief, the criminal investigation involving Mr. Rosett is aimed as ascertaining whether and/or to what extent Mr. Rosett, Jayson, and/or the Rosett PT Entities were involved in a purported large-scale insurance fraud scheme. The subject of that investigation is identical to the purported large-scale insurance fraud scheme for which Plaintiff seeks to recover damages. Accordingly, the issues in the criminal proceeding and the civil proceeding are the same.

Courts have indicated that a pre-indictment stay is "particularly appropriate" where the civil action and criminal investigation arise from the same remedial statute or the same factual transaction. *Par Pharm. Sec. Litig*. (S.D.N.Y. 1990) 133 F.R.D. 12, 14; *see also In re Marceca* (Bankr. S.D.N.Y. 1991) 131 Bankr. 774, 778 (granting pre-indictment stay because debtor was the "target of a federal criminal investigation concerning the same facts which are involved in the bankruptcy litigation."). Here, the nexus between the investigation and the civil proceeding weigh in favor of staying discovery sought from or through Mr. Rosett.

### B.    Status of the Criminal Investigation

Mr. Rosett has not been indicted at this time, but there is a pending criminal investigation against him that involves the same facts at issue in this lawsuit. Accordingly, Mr. Rosett's Fifth Amendment Rights are *directly implicated* by the

2

discovery sought. "The fact that an indictment has not yet been returned - while it may be a factor counseling against a stay of civil proceedings- does not make consideration of the stay motion any less appropriate." *Brock v. Tolhow* (E.D.N.Y. 1985) 109 F.R.D. 116, 119, fn. 2. For instance, issuance of a pre-indictment stay is warranted where, as here, the government is conducting an active parallel investigation based on the same allegations in the civil complaint. *Walsh Securities, Inc. v. Cristo Property Management, LTD.*, 7 F. Supp. 2d 523, 527 (D. NJ. 1998); *See also Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (granting pre-indictment stay of discovery); *Brock, supra*, 109 F.R.D. at 120, fn. 2, 121. (same). Because of the ongoing criminal investigation, this factor weighs in favor of Mr. Rosett's request for a stay of discovery.

### C. The Private Interest of Plaintiff Weighed Against the Prejudice of Delay

In assessing a plaintiff's private interest to proceed in a civil action against the prejudice of delay, "courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *In re Adelphia Communications Sec Litig*, 2003 WL 22358819, at *4 (ED Pa 2003). "[T]he plaintiff should demonstrate a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay." *Id*. An individual's dilemma of invoking his right against self-incrimination should not cede to a plaintiff's plea for expeditious recovery. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*

4203671

*v. Transworld Mech., Inc.*, 866 F. Supp 1134, 1140 (N.D. Ind. 1994) (plaintiffs' interest in obtaining discovery trumped by defendants' Fifth Amendment right).

Mr. Rosett's request for a stay of discovery does not pose a "unique injury" to Plaintiff. This case has been pending for nearly two years and Plaintiff has had ample opportunity to conduct discovery. Mr. Rosett is not a party to this case and should not be put to an "undue burden or expense." Fed R Civ P 45(d); *In re: Modern Plastic Corp,* 890 F3d 244 (6th Cir 2018). Moreover, the Subpoena seeks documents and communications between Mr. Rosett and one or more defendants in this case. Plaintiff can obtain these documents from the defendants and will not be prejudiced if a stay is granted as to discovery sought from Mr. Rosett. Accordingly, any delay occasioned by a stay in this matter fails to rise to the level of a "unique injury" sufficient to defeat a request for stay.

### D.    The Private Interests of and Burden on Individuals

The burden that would be imposed on Mr. Rosett by being forced to participate in discovery during the pendency of the criminal investigation clearly outweighs any countervailing arguments. *See Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y 1985). The criminal investigation against Mr. Rosett coupled with the documents and information sought in the Subpoena squarely implicate Mr. Rosett's rights against self-incrimination in this action. Plaintiff's attempts to obtain discovery regarding the subject matter of the criminal investigation places Mr. Rosett in the impossible position. If forced to participate in discovery prior to the

4

4203671

disposition of the criminal investigation, Mr. Rosett would effectively be forced to serve as a witness against himself. This factor weighs heavily in favor of Mr. Rosett.

### E.   The Interests of the Courts

Considerations of judicial efficiency also favor a stay of discovery sought from or through Mr. Rosett in this action. If Plaintiff are permitted to conduct discovery from Mr. Rosett during the pendency of the criminal investigation, it is likely this Court would be faced with a myriad of issues regarding the invocation of his right against self-incrimination. Avoidance of such efforts favors the granting of a stay. *In re Adelphia, supra* at *15. For all of these reasons, a stay of discovery sought from or through Mr. Rosett favors the interests of the Court.

### F.   The Public Interest

Finally, the public interest would not be harmed by a stay of discovery sought from or through Mr. Rosett. Plaintiff's claims in this action seek to recover its own alleged damages. Moreover, the stay sought by Mr. Rosett would not act to delay discovery sought from parties in this case or other third parties. For each of these reasons, public interest considerations do not weigh against the granting of a stay.

## CONCLUSION

A balancing of the foregoing factors makes clear that a stay of discovery is appropriate in this action. For all of the reasons discussed above, Mr. Rosett requests that this Court order a stay of discovery sought by or through him during the pendency of the criminal investigation.

4203671

Respectfully Submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By: /s/ Ethan R. Holtz

Date: August 27, 2018
    Ethan R. Holtz (P71884)
    27777 Franklin Road, Suite 2500
    Southfield, Michigan 48034

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August 2018, this document was electronically filed with Clerk of the Court using CM/ECF. I also certify that on this day, the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing.

Respectfully Submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By:  /s/ Ethan R. Holtz
    Ethan R. Holtz (P71884)
    27777 Franklin Road, Suite 2500
    Southfield, Michigan 48034
    (248) 351-3000
    Attorneys for Non-Party Robert Rosett

Dated: August 27, 2018

6

4203671