**JOELSON ROSENBERG, PLC**
30665 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MICHIGAN 48334
_____
(248) 626-9966
TELEFAX (248) 855-2388

**Peter W. Joelson**
pwj@jrlawplc.com

October 5, 2018

Honorable Anthony P. Patti, United States Magistrate Judge
231 W. Lafayette Blvd., Room 524, Detroit, Michigan 48226
**VIA ECF**
RE:  *State Farm v. Elite Health Centers*, et al, Case No. 2016-cv-13040
     Elite Defendants' Response to Jayson Rosett's Request for Protective Order

Dear Judge Patti:

     Rosett's request for leave to file a motion for a protective order is improper and should be denied pursuant to Fed. R. Civ. P. 26(c) because the discovery requested is the routine deposition of a party who does not require court protection from "annoyance, embarrassment, oppression, or undue burden or expense," and because this request is made for the improper purpose of delaying discovery, and obstructing the Elite Defendants' ability to prepare their case.  There is no overlap in the criminal and civil case because State Farm has not made and does not have standing to make any allegations or claims for money laundering or tax fraud.  Target letters are not *indictments* and "courts generally do not stay proceedings in the absence of an indictment."  *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 628 (6th Cir. 2014).  This Court dealt with similar issues when declining to stay the matter of State Farm v. Universal Rehab, et al, 2:15-cv-10993.

     The discovery in this case has been focused on State Farm's allegations of improper patient solicitation and purchase of unapproved police reports, mainly by Rosett, on whom State Farm focused these allegations.  Rosett (through counsel) agreed to be deposed on October 26, 2018 when all parties and counsel are available and Rosett will be in the Metro Detroit Area (he resides in Florida).  On information and belief, Rosett's request for a protective order is not related to the pending criminal investigation, but is to allow State Farm sufficient time to "debrief" him and to craft an affidavit for Rosett to sign in exchange for dismissing him from the case without payment of any damages.  State Farm has used this surreptitious tactic at least twice before with Aria Sabit in *State Farm v. Universal Health Group,* Case No.14-cv-10266, and with Ramasami Gunabalan in *State Farm v. Pointe Physical Therapty, et al*, Case No. 14-cv-11700.  In both instances, State Farm (1) targeted a defendant who was under criminal indictment; (2) had them sign an affidavit prepared by State Farm that was replete with hearsay, speculation, and inadmissible statements, and (3) used the affidavits with impunity in subsequent cases while the victims of the affidavit were helpless to question or impeach the affiant because they were in prison. State Farm should not be permitted to replicate this abusive litigation tactic with Rosett against the Elite Defendants.

     Rosett's request for a protective order is improper and made for an improper purpose and should be denied.

                      /s/ Peter W. Joelson, Attorney for Elite Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF electronic filing system which will send notification to all counsel of record.

/s/ Emily R. Warren
Emily R. Warren
