**Katten**
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
www.kattenlaw.com

October 5, 2018

Hon. Anthony P. Patti, United States Magistrate Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard, Room 673
Detroit, Michigan 48226

KATHY P. JOSEPHSON
kathy.josephson@kattenlaw.com
312.902.5293 direct
312.902.1061 fax

Re: *State Farm Mutual v. Elite Health Centers, et al.*, 16cv13040 – Request for Leave to File Motion for Order Permitting Disclosure of Statements Made By Mark Radom

Dear Judge Patti:

State Farm Mutual Automobile Insurance Company ("SFMAIC") requests leave to file a Motion for Order Permitting Disclosure of Statements Made by Mark Radom to Amy Rosenberg.[1] On October 3, 2018, SFMAIC received a signed affidavit from Amy Rosenberg – who was formerly married to Mark Radom, and was identified as a director of Elite Rehab and a 50% owner of HI Group, LLC (which indirectly owned on paper the 38% interest in Horizon Imaging, LLC). The affidavit contains information that is materially relevant to this case and pending discovery motions, including SFMAIC's motion to compel Michael Morse to comply with the subpoena SFMAIC served on him.

The affidavit describes several statements Radom made to Ms. Rosenberg while they were married. None of Radom's statements to Ms. Rosenberg, which are described in the affidavit, are protected by Michigan's marital communications privilege, set forth in MCL § 600.6162(4). In particular, the statements are not confidential because they (1) concern business or financial matters involving third-parties or which are inherently conveyable to third-parties; (2) relate to division of assets in divorce proceedings; (3) reflect an intent to secrete assets to defraud creditors or third-parties; or (4) pertain to conduct by one spouse which causes injury to the other. And, even if they were privileged, at least two statutory exceptions apply since (1) Radom deserted or abandoned the marriage; and (2) Ms. Rosenberg's statements were not elicited through examination in a court proceeding. Nevertheless, Radom argues that all of his statements are privileged and cannot be disclosed.

SFMAIC seeks permission to file a motion and 25-page brief, attaching the affidavit under seal, to allow the Court to consider whether the statements are privileged. SFMAIC requests up to 25 pages to afford it sufficient space to address the applicable law – which SFMAIC has not previously briefed in this case or similar cases – and to apply the law to the 28 statements in the Ms. Rosenberg's affidavit attributed to Radom, which are grouped into ten topics.

Respectfully submitted,

/s/ Kathy P. Josephson

Kathy P. Josephson

---

[1] SFMAIC conferred with Radom regarding but Radom did not consent to the requested relief.

AUSTIN   CENTURY CITY   CHARLOTTE   CHICAGO   DALLAS   HOUSTON   IRVING   LOS ANGELES
NEW YORK   ORANGE COUNTY   SAN FRANCISCO BAY AREA   SHANGHAI   WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations



October 5, 2018
Page 2

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notices of electronic filing to all counsel of record.

By:  /s/ Kathy P. Josephson
      Attorney for Plaintiff