UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,
        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT
        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER DENYING NONPARTY KOTZ SANGSTER WYSOCKI P.C.'S MOTION FOR RECONSDIERATION (DE 284)

This matter is before the Court for consideration of Nonparty Kotz Sangster Wysocki P.C.'s motion for reconsideration of the Court's July 31, 2018 Order (DE 265) granting in part and denying in part State Farm Mutual Insurance Company's amended motion to compel Kotz Sangster and Keith Soltis to produce documents responsive to subpoenas. (DE 284). For the reasons set forth below, Kotz Sangster's motion for reconsideration is **DENIED**.

A.  **Procedural History**

   1. **State Farm Mutual's motion to compel Kotz Sangster and Soltis to produce documents responsive to subpoenas**

Plaintiff State Farm Mutual Insurance Company (State Farm Mutual) filed a motion to compel nonparties Kotz Sangster Wysocki P.C. (Kotz Sangster), a law firm, and Keith Soltis, a partner at Kotz Sangster, to produce documents responsive to subpoenas. (DEs 150-151, 189).[1] According to State Farm Mutual's motion, it served subpoenas on Kotz Sangster and Soltis on December 7, 2017. Kotz Sangster served general objections to the subpoena, including objecting that the subpoena "directly impinges on attorney-client privilege" and about the cost of compliance with the subpoena. Soltis also served his general objections, adopting Kotz Sangster's objections. State Farm Mutual advised that it was not seeking

---

[1] State Farm Mutual filed an amended motion (DE 189) to replace the motion to compel and sealed motion to compel originally filed against Kotz Sangster and Soltis on May 15, 2018, which contained a sealed exhibit (Exhibit 17). (DEs 150, 151.) The only changes to the motion were the unsealing of Exhibit 17 and the removal of redactions that were contained in the motion that relate to Exhibit 17.

privileged communications at this time, the parties exchanged a list of proposed ESI search terms, and Kotz Sangster, on behalf of itself and Soltis, offered to review a universe of about 2,000 potentially responsive non-privileged documents, but added a demand that State Farm Mutual agree to pay Kotz Sangster's legal fees of $4,000. State Farm Mutual disputes that it should be required to pay Kotz Sangster's legal fees because it has taken reasonable steps to avoid imposing undue burden or expense on Kotz Sangster and Soltis, and thus filed the motion to compel.

> **2. Nonparties Kotz Sangster's and Soltis's response in opposition to the motion to compel**

On May 31, 2018, Kotz Sangster and Soltis filed their response to State Farm Mutual's motion to compel. (DE 168.) They argued that "the underlying issue here is not a 'refusal'" to produce documents, but rather that the subpoenas, and even having to respond to the motion to compel, impose an "undue burden" because Kotz Sangster "estimates that it must invest at least $4000 in attorney time" to conduct a privilege review, and because the motion to compel "is predicated on a thorough misunderstanding of applicable law" regarding the formation of non-profit corporations, citing Michigan Attorney General Opinion No. 6770 and *Miller v. Allstate Insurance Company*, 481 Mich. 601 (2008) in support. The response further argues that the motion to compel grossly distorts the underlying facts and is interposed "to intimidate and harass Mr. Soltis," and that

the motion "should be denied, or if granted in any limited way, costs imposed [sic] for non-party compliance." (DE 168 at 17.)

### 3. State Farm Mutual's reply brief in support of its motion

On June 14, 2018, State Farm Mutual filed its reply brief in support of its motion to compel, noting first the arguments <u>absent</u> from the response brief:

> Kotz Sangster and Soltis do not: (1) address their primary objection to producing documents, that they want attorney fees, (2) address the controlling Rule 26 factors, (3) establish undue burden in complying with the subpoenas, or (4) argue the inapplicability of the crime-fraud exception, except to incorrectly state that a lawyer cannot waive privilege, even in connection with a crime or fraud.

(DE 204.) State Farm Mutual goes on to contend that the nonparties' argument that Soltis's role in the conduct alleged was minimal is "belied by the numerous emails and other documents cited in the Motion," and that their argument that the subpoenas "serve no valid purpose" because *Miller v. Allstate* stands for the proposition that Michigan non-profit corporations are entitled to an "irrebuttable presumption" of legality ignores *SFMAIC v. Universal Health Grp., Inc.*, 2014 WL 5427170, at *12 (E.D. Mich. Oct. 24, 2014), which explained that because "plaintiff argues that [UHG] is behaving contrary to its corporate status as a non-profit, and that this behavior makes it part of an enterprise designed to defraud plaintiff[,]" "*Miller* does not bar such a claim." State Farm Mutual argues that the nonparties "should be compelled to produce responsive documents and bear their own costs incurred as the result of any privilege review," that they have not met

4

their burden to establish undue burden, and that the crime-fraud exception may apply.[2]

### 4. The joint statement of resolved and unresolved issues

In their July 16, 2018 joint statement of resolved and unresolved issues, Kotz Sangster states that "subject to its ethical obligations to protect its clients' attorney-client privilege, and Kotz Sangster's pending motion for leave to file a sur-reply [], Kotz Sangster does not object to producing documents responsive to State Farm Mutual's subpoena." (DE 242-4.) The joint statement goes on to state that Plaintiff and Kotz Sangster have identified two remaining unresolved issues: (1) primarily, whether State Farm Mutual should be required to pay Kotz Sangster's legal fees incurred to conduct a privilege review of responsive documents before being required to produce them; and (2) whether the crime-fraud exception would vitiate any potential privilege claims to be made by Kotz Sangster.

### 5. The Court's July 31, 2018 Order

On July 31, 2018, the Court issued an order granting in part and denying in part State Farm Mutual's motion to compel. (DE 265.) The Court found that although Kotz Sangster and Soltis generally objected to producing documents responsive to the subpoenas based on an "undue burden," they have failed to

---

[2] On July 12, 2018, Kotz Sangster filed a motion for leave to file a sur-reply. (DE 241.) That motion was denied on July 17, 2018. (Text-only Order, July 17, 2018.)

support that assertion with affidavits or other evidence to substantiate the objection, and that State Farm Mutual was not required to pay Kotz Sangster's legal fees to conduct a privilege review. The Court also found that State Farm Mutual's argument regarding the crime-fraud exception was not ripe because State Farm Mutual expressly stated that it is not requesting privileged communications at this time.

### 6. Kotz Sangster's motion for reconsideration

On August 13, 2018, Kotz Sangster filed the instant motion for reconsideration of the Court's July 31, 2018 Order. (DE 284.) Nonparty Kotz Sangster contends that the Court's Order contains two palpable defects: (1) the Court "misread[] the 'remaining unresolved issues' [per the Joint Statement, DE 242-4] as limited to the payment of legal fees for a 'privilege review' and 'whether the "crime-fraud" exception would vitiate any potential privilege claims to be made by Kotz Sangster" and (2) the Order improperly reject[ed] Kotz Sangster's undue burden argument. (DE 284 at 2-3.)

**B.      Standard for Reconsideration**

E.D. Mich. LR 7.1(h) allows a party to file a motion for reconsideration. Under the rule, a motion for reconsideration may only be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and shows that correcting the defect will lead to a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.Supp.2d 628, 632 (E.D. Mich. 2001). Further, new arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited." *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009). "Instead, the moving party must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Southfield Educ. Ass'n v. Bd. of Educ. of the Southfield Pub. Sch.*, 319 F.Supp.3d 898, 902 (E.D. Mich. 2018).

    **C.    Analysis**

For the reasons that follow, Kotz Sangster's motion for reconsideration is **DENIED**.

    **1. Kotz Sangster fails to demonstrate a palpable defect regarding the Court's analysis of the resolved and unresolved issues**

The parties' Joint Statement of Resolved and Unresolved Issues states:

**<u>RESOLVED ISSUES</u>**

During the meet-and-confer, counsel for Kotz Sangster agreed that, subject to its ethical obligation to protect its clients' attorney-client privilege, and Kotz Sangster's pending motion for leave to file a sur-

7

reply [Dkt 241], Kotz Sangster does not object to producing documents responsive to State Farm Mutual's subpoena.

(DE 242-4 at 2.) The parties' Joint Statement goes on to state:

### **UNRESOLVED ISSUES**

***One primary issue remains*, namely whether State Farm Mutual should be required to pay Kotz Sangster's legal fees incurred to conduct a privilege review of responsive documents before Kotz Sangster is required to produce them. *Additionally*, and subject to Kotz Sangster's privilege review, the parties likewise did not reach agreement concerning whether the crime-fraud exception would vitiate any potential privilege claims to be made by Kotz Sangster.**

(DE 242-4 at 2-3 (emphases added).) Accordingly, those are the two issues the Court addressed in its Order on Plaintiff's motion to compel. (DE 265.)

Kotz Sangster now asserts that the Court "oversimplified" the resolved versus unresolved issues because the statement of "Resolved Issues" was "expressly 'subject to … Kotz Sangster's pending motion for leave to file a sur-reply[,]'" "which sought to further address Kotz Sangster's fundamental argument that the entire predicate for the challenged Subpoena is legal gibberish[.]" (DE 284 at 2.) This argument fails to demonstrate a palpable defect entitling Kotz Sangster to reconsideration of the Court's Order.

First, Kotz Sangster's attempt to condition the resolved issue on its then-pending motion to file a sur-reply is simply improper bootstrapping. In an adversarial system such as ours, the Court relies upon the parties to frame the

8

issues. Kotz Sangster essentially asks the Court to now retrospectively reframe the issues based upon what was in a sur-reply brief that the Court refused to accept. The Court properly exercised its discretion in denying Kotz Sangster's request for leave to file a sur-reply. (Text-only Order, July 17, 2018.) As made clear in the local rules and my practice guidelines, sur-reply briefs are disfavored. *See* E.D. Mich. LR 7.1; Practice Guidelines, Motion Practice ("Additional briefing, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules."). Other courts have consistently stated that "[s]ur-replies … are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *See, e.g., Liberty Legal Foundation v. National Democratic Party of the USA, Inc.*, 875 F.Supp.2d 791, 797 (W.D. Tenn. 2012) (citations omitted). The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence. *Modesty v. Shockley,* 434 F. App'x 469, 472 (6th Cir. 2011) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir 2003)). State Farm Mutual did not raise new arguments in its reply brief filed in support of its motion to compel, but rather responded to Kotz Sangster's arguments asserted in its response brief and re-asserted its arguments in support of its motion to compel. Plaintiff's

sur-reply was simply an attempt to have the last word on the matter, which is precisely the reason that sur-reply briefs are so consistently disfavored. The Court detects – within the motion for reconsideration of its ruling on DE 265 – a more clandestine motion for reconsideration of its order denying the request to file a sur-reply brief. But that ship has long ago sailed. Moreover, it is not reasonable to insert an argument in a motion for leave to file a sur-reply brief, fully aware that it is likely to be denied under the case law, local rules and practice guidelines, and then expect to rely upon that imbedded argument as an "ace-in-the-hole" later.[3]

Second, Kotz Sangster's contention that the Court improperly failed to address its argument that "the very predicate of Plaintiff's witch hunt here is 'fraudulent incorporation' which … is legal gibberish," and that "virtually every minute" it spends fending off this "nonsense" is an undue burden, including its citations to *Miller v. Allstate Insurance Company*, 481 Mich. 601 (2008) and Michigan Attorney General Opinion No. 6770 (Sept. 17, 1993), is of no moment. (See DE 284 at 2.) As Judge Cox previously explained in this case:

> State Farm does not bring a claim under the Michigan Non-Profit Act. Nor does State Farm dispute that the defendant entities were properly

---

[3] Among other things, Kotz Sangster's motion for leave to file a sur-reply brief complained that State Farm Mutual had waited until its reply brief to distinguish Kotz Sangster's cited authority; however, that is what the moving party typically (and permissibly) does in a reply brief, *i.e.*, distinguish cases cited by the respondent. Kotz Sangster's argument that "failing to do so until its reply brief unfairly leaves Kotz Sangster with no opportunity to respond" makes clear that it was indeed seeking to get the last word on the matter. (DE 241 at 2.)

10

> incorporated as non-profits. Instead, State Farm alleges that, while the defendant entities are incorporated as non-profits, their real purpose is to enable Defendants Bittner and Radom to engage in fraud. Specifically, State Farm alleges that the nonprofit entities named as defendants in this case behave contrary to their non-profit corporate status, and that this behavior makes these entities essential players in the scheme to defraud State Farm out of money for the benefit of their owners.

(DE 59 at 12.) Thus, State Farm Mutual is not asserting here that the defendants were improperly incorporated and does not seek to revoke the corporate charters. Instead, it argues that the defendants are behaving contrary to their corporate status as non-profits, and that this behavior is part of an enterprise designed to defraud it.[4] As this Court has explained in a previous lawsuit in which the defendant similarly relied on *Miller* in support of the proposition that the plaintiff may not argue that the defendant's non-profit status is a sham, "*Miller* does not bar such a claim." *See State Farm Mut. Auto. Ins. Co. v. Universal Health Gp., Inc.*, No. 14-cv-10266, 2014 WL 5427170, at *12 (E.D. Mich. Oct. 24, 2014). Accordingly, Kotz Sangster's argument is a non-starter, as it cannot show that the Court palpably

---

[4] Kotz Sangster leapfrogs from these allegations to a conclusion which is not apparent on the face of the pleadings, defensively arguing that, "Apparently, to Plaintiff[']s way of thinking, any attorney who ever represented a criminally accused corporation is, *ipso facto,* 'guilty' by association. No attorney was ever 'charged', or even sued, for representing Enron, or Bernie Madoff, or even Timothy McVeigh." (DE 284 at 17.) The Court finds no need to make an inference of "guilt by association" in order to rule on this discovery motion seeking the production of records, and need not embrace the trajectory suggested by Kotz Sangster in ruling against it.

11

erred in not expressly addressing this argument in its Order, or that correcting the claimed "defect" would lead to a different disposition of the matter. *See* E.D. Mich. LR 7.1(h)(3).

Kotz Sangster also takes issue with the Court's citation to *Hennigan v. General Electric*, No. 09-11912, 2012 WL 13005370 (E.D. Mich. Apr. 2, 2012), arguing that this case is factually distinguishable because it "does not address a non-party attorney, seeking FRCP 45 attorney fees to compensate for the undue burden of conducting a privilege review." (DE 284 at 14.) This argument, again, is not well taken. The Court noted in its Order that Federal Rule of Civil Procedure 45(d)(2) provides that "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena[,]" and that Rule 45(d)(2)(B)(ii) protects non-parties who object to the subpoena from incurring "significant expense resulting from compliance." Here, State Farm does appear to have taken reasonable steps to avoid imposing an undue burden, advising Kotz Sangster that it was not seeking privileged communications at this time and exchanging a list of ESI search terms, which apparently lead to a more limited universe of potentially responsive documents. In any case, the Court only cited *Hennigan* for the general propositions that "protection of a non-party from significant expense does not necessarily mean that the party issuing the subpoena must bear the entire cost of

compliance" and that "a privilege review does not benefit the requesting party and is generally an expense that, absent some unusual circumstances, should be borne by the responding party," and found that "Kotz Sangster and Soltis have failed to present evidence of any such 'unusual circumstances' in this case or otherwise cite any law to the contrary." (DE 265 at 4-5, citing *Hennigan*, 2012 WL 13005370, at *2.)

State Farm Mutual had discussed *Hennigan* in its underlying motion to compel for these same principles. (DE 189 at 29-30.) Kotz Sangster did not even address *Hennigan* and the principles discussed above in its response brief, much less cite to any contrary law. (DE 168.) State Farm Mutual again discussed *Hennigan* and the principles discussed above in its reply brief (DE 204 at 6-7), but Kotz Sangster again failed to even address *Hennigan* in its motion for leave to file a sur-reply. (DE 241.) Kotz Sangster finally addressed *Hennigan* for the first time in the instant motion for reconsideration. (DE 284 at 4-6.) However, this is too late, as "[a] motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n*, 319 F.Supp.3d at 901 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued.")).

In any event, even considering Kotz Sangster's untimely argument, it again fails to cite any contrary law in its motion for reconsideration or otherwise demonstrate a palpable error by the Court, and instead relies on *Hennigan* for the proposition that attorney fees have been denied "[w]here such legal fees 'appear largely related to efforts by the [responding party] to protect its own interests in connection with its compliance with the subpoena, by independently reviewing these documents itself to determine claims of privilege it might assert.'" (DE 284 at 14, citing *Hennigan*, 2012 WL 13005370, at *2.) Kotz Sangster contends that it "stands in different shoes" than did the responding party in *Hennigan* because Kotz Sangster does not assert a privilege here to protect its own interests—only the ethical obligations imposed by MRPC 1.6. (DE 284 at 14-15, also citing *In re Automotive Refinishing Paint*, 229 F.R.D. 482, 496 (E.D. Pa. 2005) and *Lefta v. Hurley*, No. 1:09-CV-2487, 2011 WL 1793265 (M.D. Pa. May 11, 2011).) However, that the court in *Hennigan declined* to award attorneys' fees against the requesting party under the facts of that case simply does not compel the opposite result in this case, as Kotz Sangster seems to suggest. It is well settled that decisions on matters pertaining to discovery, including subpoena compliance, rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir 1988) ("The scope of discovery is, of course, within the broad discretion

of the trial court."). That showing has not been made here. Moreover, the Court notes that, contrary to Kotz Sangster's insinuation, it is not unusual for a law firm to be required to supply records relating to incorporation in a commercial case, or for a law firm to have to supply testimony regarding incorporation. Occasionally having to do so is part of the cost of doing business. Kotz Sangster simply has not met its burden to demonstrate a palpable defect. *See* E.D. Mich. LR 7.1(h)(3).

### 2. Kotz Sangster fails to demonstrate a palpable defect regarding undue burden

Kotz Sangster also contends that it appropriately satisfied its assertion of "undue burden" by simply asserting in its response "the estimated costs of reviewing the universe of documents to cull out the privileged from the non-privileged [documents]," in accord with its Rule 11 obligations, and that the Court palpably erred by finding that it was required to support its general assertion of "undue burden" with an affidavit or other evidence. (DE 284 at 6.) Kotz Sangster argues that such a requirement elevates "form over substance," since the attorney's signature on its brief should suffice, and rhetorically asks, "Someone else is supposed to sign an 'affidavit' to the same effect?" (DE 284 at 15.) However, in making this argument, Kotz Sangster ignores well-settled law that, "[i]f an objection is interposed based on an alleged undue burden, the objecting party must make 'a specific showing, usually … by affidavit, of why the demand is unreasonably burdensome." *Jones-McNamara v. Holzer Health Sys.*, No. 2:13-cv-

616, 2014 WL 3563406, at *1 (S.D. Ohio July 18, 2014) (citing *McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, 243 F.R.D. 1, 11 (D.D.C. 2007)); *see also State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *14 (E.D. Mich. Nov. 26, 2013) ("[W]here [the respondent] has not supported his claim of burden by affidavit or otherwise, his bare assertion is insufficient to permit refusal to comply with the subpoena in its entirety."); *Powell v. Tosh*, No. 5:09-CV-121-TBR, 2011 WL 13210026, at *3 (W.D. Ky. Aug. 2, 2011) ("The Tosh Defendants correctly point out that the Plaintiffs fail to offer specific facts to support their general protests of embarrassment, oppression, undue burden or expense. No affidavit or other evidence accompanies their motion. As the above-cited law explains, such allegations are not sufficient.").

If Kotz Sangster were correct, and an attorney's signature were enough to satisfy a party's evidentiary burden, *no* motion, even a motion for summary judgment, would require more than an attorney's signature. Nor would evidentiary hearings ever be required in support of pre-trial motion practice. Likewise, the badly overused general objection that a discovery request is "unduly burdensome" would stand alone on the signing attorney's say-so, with no other basis – let alone a foundation which is shown to be based on first-hand knowledge by someone who is actually responsible for keeping the records in the ordinary course of business or for assembling the requested discovery – for the Court to meaningfully explore and

16

balance the discoverability factors listed in Fed. R. Civ. P. 26(b)(1), including "whether the burden or expense of the proposed discovery outweighs the likely benefit." Here it is worth noting that − contrary to Kotz Sangster's assertion in the parties' Joint Statement that "Rule 26(b)(1) is only tangentially relevant" here (DE 242-4 at 4) − "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26," *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (citation omitted), and thus "[a] subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *United States v. Blue Cross Blue Shield of Michigan*, No. 10-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012).

The Court recognizes that responding to discovery is generally *bothersome*, and may indeed be, at least to some extent, burdensome. It also recognizes that only the rare recipient of a discovery request would relish the task of responding, particularly if it also entailed a privilege review. But the fact that it will be either bothersome or burdensome to respond to a discovery request does not necessarily mean that it will be *unduly* so. In light of their responsibility to ensure that parties "obtain discovery regarding any nonprivileged matter that is relevant to the party's claim," while also ensuring that the rules are employed so as to "secure the just, speedy, and inexpensive determination of every action," it is reasonable for the courts to require more detail and support than just an attorney's proclamation of

"undue burden" in order to preclude or circumscribe discovery on this basis. Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 1. As a recent article explained, "it is clear that 'undue burden' for purposes of nonparty discovery does not mean no burden at all[,]" and recipients of subpoenas should "[b]e prepared to support allegations of undue burden with detailed cost and time calculations, supported by knowledgeable declarations." Matt Hamilton, Donna Fisher & Sandra Adams, *Does Rule 45 Protect Nonparties from Undue Burden,* Law360 (Oct. 2, 2018), http://www. law360.com/appellate/articles/1088653. In any event, Kotz Sangster does not contend in its motion for reconsideration that it made such a showing, and thus has failed to demonstrate a palpable defect.

At bottom here, Kotz Sangster is simply re-arguing in its motion for reconsideration that it should be paid for its time and effort to conduct a privilege review before it must produce documents responsive to the subpoenas. Indeed, as it asserts in its motion for reconsideration, "simply put, Kotz Sangster's position regarding the Subpoena is 'if you pay us, we'll dance around the mulberry bush; if you won't pay us, this Subpoena is predicated on an erroneous reading of Michigan law and should not be enforced.'" (DE 284 at 3). This issue has been properly decided by this Court, and E.D. Mich. LR 7.1 makes clear that "the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication." E.D.

Mich. LR 7.1(h)(3).[5] Moreover, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State Farm Mut. Auto. Ins. Co. v. Spine Specialists of Mich.*, No. 14-13299, 2016 WL 8787121, at *3 (E.D. Mich. Mar. 14, 2016) ("[A] court has broad discretion over discovery matters, and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled only if the district court finds an abuse of discretion.") (internal citation omitted). Accordingly, Kotz Sangster's motion for reconsideration is **DENIED**.

### D. Order

For the reasons set forth above, Kotz Sangster Wysocki P.C.'S motion for reconsideration (DE 284) is **DENIED.** Kotz Sangster and Soltis shall produce documents responsive to State Farm Mutual's subpoenas, as agreed in the parties' joint statement (DE 242-4 at 2), by **October 25, 2018.**

---

[5] While Kotz Sangster was within its procedural rights to respond to State Farm's original motion and to seek reconsideration of the Court's order here, the Court cannot help but wonder how many billable hours have now been expended drafting briefs in an effort to obtain remuneration for responding to the subpoena at issue, compared with the number of billable hours which would have been required to conduct a privilege review and comply with the production request. A cost-benefit analysis might have avoided the expenditure of energy thus far undertaken by both Kotz Sangster and the Court.

**IT IS SO ORDERED.**

Dated: October 11, 2018        s/*Anthony P. Patti*
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 11, 2018, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti