UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,        Case No. 2:16-cv-13040
       Plaintiff,        District Judge Avern Cohn
v.        Magistrate Judge Anthony P. Patti

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT
       Defendants.
_____/

**ORDER DENYING NONPARTY ROBERT ROSETT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 AND FOR STAY OF DISCOVERY (DE 297)**

This matter is before the Court for consideration of nonparty Robert Rosett's motion for a protective order pursuant to Federal Rule of Civil Procedure 26 and for stay of discovery (DE 297), and State Farm Mutual's response in opposition (DE 317).  For the reasons set forth below, nonparty Robert Rosett's motion is **DENIED**.

### A.     Background

According to nonparty Robert Rosett, he learned on April 18, 2018 that he was the target of a Federal investigation when the FBI raided his Florida residence. (DE 297 at 2.)  On May 17, 2018, Rosett was informed via a letter from the Department of Justice that he is a target of a criminal investigation being conducted by the FBI and a federal grand jury. (DE 297-1.)  On July 16, 2018, Plaintiff State Farm Mutual Automobile Insurance Company (State Farm Mutual) served Rosett with a subpoena in this case seeking: (1) communications, documents reflecting business relationships/financial arrangements, and payments between Rosett, Defendants, and related third parties; (2) specific communications between Rosett and Jayson Rosett (Rosett's son); (3) communications regarding police reports; (4) payments Rosett received or made for police reports; and (5) documents reflecting Rosett's efforts to identify and solicit auto accident victims. (DE 297-2.)

On August 27, 2018, Rosett filed the instant motion for protective order and stay of discovery, seeking an order "staying discovery sought from or through him during the pendency of the criminal investigation against him." (DE 297.)[1] Plaintiff State Farm Mutual filed a response in opposition to Rosett's motion on September 19, 2018, arguing that Rosett's motion should be denied because he cannot meet the heavy burden to stay discovery. (DE 317.)

**B.     Analysis**

"A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007) (citations omitted). In determining whether to grant a stay, courts should consider the following factors:

> 1) The extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests and burden on the defendants; 5) the interest of the courts; and 6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citation omitted). "[T]he burden is on the party seeking the stay to show that there is

---

[1] Pursuant to the Court's order regarding motion practice, Rosett first filed a letter request on July 31, 2018, seeking leave to file the instant motion. (DE 264.) Plaintiff State Farm Mutual filed a letter response on August 2, 2018, urging the Court to deny that request. (DE 271.) On August 24, 2018, the Court granted Rosett leave to file the instant motion. (Text-Only Order, Aug. 24, 2018.)

pressing needs for the delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

The first factor—overlap between the civil and criminal cases—weighs against a stay because Rosett has not presented sufficient evidence that the pending investigation against him and this case overlap. The target letter from the Department of Justice does not say anything about the subject matter or scope of the investigation, and Rosett did not submit any other evidence that sheds light on the scope or substance of the criminal investigation. Rosett's unsupported assertion in his motion that, "[u]pon information and belief, the criminal investigation … is aimed at ascertaining whether and/or to what extent" Rosett is "involved in a purported large-scale insurance fraud scheme" is insufficient to meet the heavy burden to support a stay. *See Commodity Futures Trading Comm'n v. Watson*, No. 11-10949, 2011 WL 2174904, at *2 (E.D. Mich. June 3, 2011) (unindicted defendant "failed to demonstrate that the anticipated criminal issues overlap with those presented in this case" because he "has not presented any sworn affidavits setting forth the scope of the anticipated criminal proceedings, and he points to no grand jury subpoenas for himself or others that might further shed light on his request for a stay").

The second factor also weighs against a stay. Rosett has not been indicted, and "where a [party] filing a motion to stay has not been indicted, the motion may be denied on that ground alone." *U.S. ex rel. Guzall v. City of Romulus*, No. 13-11327, 2015 WL 4528012 (E.D. Mich. July 27, 2015); *F.T.C.*, 767 F.3d at 628 ("[C]ourts generally do not stay proceedings in the absence of an indictment.").

Further, Rosett has failed to meet his burden to show that factors three through six weigh in favor of granting his requested stay. Plaintiff has a strong interest in the timely resolution of its claims, and it is unclear how long a stay might last. Similarly, the Court's interests in efficiency and judicial economy weigh against a stay due to the uncertainty of the criminal proceedings. The subpoena at issue seeks documents, not deposition testimony, and Rosett has not demonstrated that the act of producing these pre-existing documents would be incriminating. *See United States v. Hubbell*, 167 F.3d 552, 567 (D.C. Cir. 1999) (the production of pre-existing records does not implicate the Fifth Amendment unless the act of producing such documents in response to the document request is testimonial in nature). In sum, Rosett has failed to meet his burden to demonstrate a "pressing need" for the stay.

### C. Order

Based on consideration of the above factors, Robert Rosett's motion for protective order and for a stay of discovery (DE 297) is **DENIED**, and he is

5

directed to respond to the July 16, 2018 subpoena served on him by Plaintiff State Farm Mutual by **October 26, 2018**.

**IT IS SO ORDERED.**

Dated: October 12, 2018                   s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 12, 2018, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti