UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,
       Plaintiff,
v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT
       Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

## ORDER GRANTING ELITE DEFENDANTS' MOTION TO COMPEL DEFENDANT JAYSON ROSETT'S DEPOSITION ON JANUARY 21, 2019 (DE 382) AND DENYING ORAL MOTION FOR STAY OF ORDER COMPELLING DEPOSITION

This matter is before the Court for consideration of Elite Defendants' motion to compel Defendant Jayson Rosett's deposition on January 21, 2019 (DE 382), and Defendants Dearborn Center for Physical Therapy, LLC, Michigan Center for Physical Therapy, Inc., and Jayson Rosett's response in opposition (DE 389). All discovery matters have been referred to me for hearing and determination (DE 229), and a hearing was noticed on this motion for January 17, 2019. On the date set for hearing, counsel for the parties appeared in my courtroom and the Court entertained extensive oral argument regarding the motion.

This case has been pending for nearly 2 ½ years. The Elite Defendants have yet to hear from their co-defendant, Jayson Rosett, under oath, and have been attempting to take Rosett's deposition for at least the last 3 ½ months. Rosett initially asked to delay his deposition by 60 days. (DEs 322, 337.) He then asked to delay it by 90 days. (DE 357.) He now asks the Court to delay his deposition by at least five months. (DE 389.) He initially sought to delay his deposition until he was formally charged, so that he would know the exact nature of the allegations (DE 322), but now that he knows the nature of the charges with certainty, he wants to delay his deposition until after he has entered a plea. (DE 389.)

Parties generally have the right to take discovery in the sequence of their choosing. Fed. R. Civ. P. 26(d)(3). Judge Cohn has lifted the stay, which was in effect for the last two months. (DEs 372, 374.) Judge Cohn's last pronouncement

on the subject was, "I'll let the deposition go forward, and if he says at the deposition 'I'm subject to an indictment, I plead the Fifth Amendment,' you can deal with it that way." (DE 380 at 8.) Rosett cannot be sure as to when the criminal proceedings now pending against him will have progressed to conclusion, nor can anyone be sure that Rosett will not continue to invoke his right against self-incrimination *even after* the criminal proceedings have run their course, similar to Dr. Gunabalen's refusal to testify after his conviction. (See DE 349.) In other words, further delay gives little assurance that Rosett will be more willing to testify in the future than he is at present. Moreover, and unlike Dr. Gunabalen, there may be a host of subjects which the Elite Defendants wish to explore with Rosset in deposition at this time for which he does not (or cannot in good faith) assert the Fifth Amendment, such as any promises he may have made or information he may have given to State Farm or its attorneys, and various other topics. There is no way of prospectively knowing whether and for what he will invoke the Fifth Amendment, until the questions are asked. The Elite Defendants have a right to defend themselves in this action by, among other things, taking the depositions of their co-defendants. They should not be required to wait any longer, when further delay provides no real assurance that Rosett will provide any more meaningful testimony down the road than he would willingly provide now, and

when such delay may impede their ability to construct their defense in the way that they see fit.

For all the reasons stated on the record, which are hereby incorporated by reference as though fully restated herein, including, but not limited to, a finding that the Elite Defendants will be prejudiced by further delay in obtaining Rosett's deposition in this case,[1] Elite Defendants' motion to compel Defendant Jayson Rosett's deposition on January 21, 2019 (DE 382) is **GRANTED** as follows:

1. Defendant Jayson Rosett is ordered to appear and testify at his deposition on January 21, 2019, pursuant to Elite Defendants' Fourth Re-Notice of Taking Video Deposition of Jayson Rosett (DE 382-2), unless the Elite Defendants choose to withdraw their deposition notice in favor of a later deposition date.

2. The parties may extend Rosett's deposition to more than seven hours, by formal or informal stipulation, or may seek leave from the Court to do the same upon a showing of good cause.

---

[1] The Court notes that the instant motion seeks to compel a deposition of a party. The Elite Defendants do not have to show prejudice in order to seek the immediate deposition of another party. Rosett's attempt to reframe this motion utilizing the criteria normally considered in a motion for a stay is not well taken. Judge Cohn has already lifted the general stay in this case, and I have previously denied a request to stay the deposition.

3. Rosett's deposition may not be transmitted using real-time technologies to others outside of the deposition. However, <u>counsel for a named party</u> may appear at the deposition by telephone without violating this proscription, so long as such participation by telephone is not used as a means of violating the provisions of paragraph 6 below.

4. Judge Leitman clarified on the record that Rosett's appearance at his deposition will not constitute a violation of the "no contact" condition in paragraph 7 of the Order Setting Conditions of Release filed in *United States of America v. Jayson Rosett*, Case No. 18-CR-20812-01 (DE 21 therein).

5. Further, nothing in this Order should be construed as requiring Rosett to violate the narrow terms of the Agreed Protective Order entered in *United States of America v. Jayson Rosett*, 18-CR-20812-01 (DE 30 therein) when he testifies at his deposition in this case.

6. Pursuant to the Court's broad authority under Rule 26(c)(1) and (d)(3) to specify the terms, including the time, place and sequence, of discovery, and designate the persons who may be present while discovery is conducted, no attorney for non-party Michael Morse or any other non-party, or employee of the Mike Morse Law Firm, may attend Rosett's

deposition unless that attorney files an appearance beforehand <u>as counsel of record for one of the named parties in this action</u>.

Further, at the beginning of the deposition, all individuals must identify, on the record: (1) themselves; (2) their employer; and (3) which party they are representing or for which party they are an agent.

Any misrepresentation of who is attending a deposition will result in sanctions and may result in possible contempt of Court for the person(s) involved.

The above conditions apply to all depositions in this matter going forward. <u>Furthermore, attendance at all future depositions in this case is restricted to named parties and their counsel</u>.

7. If Elite Defendants proceed with Rosett's deposition as noticed, they will not be permitted to re-depose him at a later date. However, if another party takes Rosett's deposition at a later date, counsel for Elite Defendants will be permitted to cross-examine Rosett at that time.

8. Finally, Rosett's oral motion for a stay of this Order pending possible appeal/objection to the Order is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2019      s/*Anthony P. Patti*
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 18, 2019, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti