UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC., ELITE
CHIROPRACTIC, P.C., ELITE
REHABILITATION, INC., MIDWEST
MEDICAL ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK L.
BITTNER, D.C., P.C., MARK A. RADOM,
DEREK LAWRENCE BITTNER, D.C.,
RYAN MATTHEW LUKOWSKI, D.C.,
MICHAEL P. DRAPLIN, D.C., NOEL H.
UPFALL, D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL J.
PALEY, M.D., DEARBORN CENTER
FOR PHYSICAL THERAPY, L.L.C.,
MICHIGAN CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**<u>ORDER REGARDING STATE FARM MUTUAL'S MOTION FOR ORDER
TO SHOW CAUSE AS TO WHY ANTONIO SPRATT SHOULD NOT BE
HELD IN CONTEMPT (DE 379), AND SETTING SHOW CAUSE
HEARING FOR MARCH 22, 2019</u>**

## I. Procedural Background

On or about January 10, 2019, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual") filed a motion to show cause against non-party Antonio Spratt for failure to appear at his October 30, 2018 deposition. (DE 379.) State Farm Mutual asserts in its motion that Darlene Spratt, along with her husband Antonio Spratt (hereinafter "Spratt"), were involved in a "scheme" whereby they obtained unapproved police reports from a Detroit police officer (before they were publicly available from lawful sources), and then sold those unapproved police reports to Defendant Jayson Rosett, and his father Robert Rosett, who in turn used those reports to solicit accident victims to be represented by Michael Morse and other personal injury attorneys. (*Id.*)

State Farm Mutual asserts in its motion that it served a subpoena on Spratt for a deposition scheduled for September 6, 2018. (DE 379 at 9, citing DEs 379-5, 379-6.) He appeared for his scheduled deposition, without counsel. However, after providing some testimony, he changed his mind about proceeding without a lawyer and wanted to postpone the deposition so that he could hire one. (*Id.* citing DE 379-7.) After several email communications between counsel for State Farm Mutual and Spratt over the next few weeks to attempt, unsuccessfully, to continue the deposition, and payment of the witness fees to Spratt for his attendance at the September 6th deposition, State Farm Mutual served a new deposition subpoena on

him on October 4, 2018, which noticed the continuation of his deposition for October 30, 2018. (*Id.* at 9-10, citing DEs 379-8 through 379-12.) State Farm Mutual emailed Spratt twice over the next two weeks to confirm that his deposition would proceed as noticed, but received no response to either email. (*Id.* at 10, citing DE 379-13.) Spratt did not appear for his deposition on October 30, 2018. (*Id.* citing DE 379-14.) State Farm Mutual again tried, unsuccessfully, to re-schedule Spratt's deposition. (*Id.* citing DE 379-15.)

State Farm Mutual had also served on Spratt a subpoena for documents on August 9, 2018 related to the alleged "scheme" involving the sale of unapproved police reports, but he did not respond. (*Id.* at 11, n.2, citing DE 379-19.) On November 9, 2018, State Farm Mutual sent a letter to Spratt via email, overnight courier and first class mail stating it would file a motion to compel if he did not respond to the document subpoena. (*Id.* citing DE 379-20.) Spratt did not respond to the subpoena or to State Farm Mutual's letter. (*Id.*)

State Farm Mutual then requested from the Court leave to file a motion for an order to show cause why Spratt should not be held in contempt for failing to appear at his October 30, 2018 deposition, which the Court granted. (DE 347, 379-17.) Accordingly, State Farm Mutual filed the instant motion, requesting that the Court order Antonio Spratt to show cause why he should not be held in contempt for failing to appear for the continuation of his deposition for his lack of response

3

to the document subpoena.. (DE 379.)[1]  Spratt has not responded to this motion, which was duly served upon him. (*Id*. at 14).

## II.     Federal Rule of Civil Procedure 45

Federal Rule of Civil Procedure 45 govern subpoenas and the discovery of information from third parties, including subpoenas commanding attendance at a deposition.  Fed. R. Civ. P. 45(a)(1)(B).  Rule 45(g) provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  Whether to hold a party in contempt is within the sound discretion of the district court, but it is a power that "should not be used lightly."  *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).  A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'"  *Id.* at 378 (citation omitted).  Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence

---

[1] State Farm Mutual explained in its motion that it intended to file the instant motion in November, but the Court entered an order staying the case on November 16, 2018.  The stay was lifted January 8, 2019, and State Farm Mutual then promptly filed the instant motion.  (*Id.* at 2.)

4

showing that he is presently unable to comply with the court's order." *Id.* (citation omitted). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (citation omitted).

## III. Order

Upon consideration, State Farm Mutual and non-party Antonio Spratt are ordered to appear before the Court for a show cause hearing on State Farm Mutual's motion (DE 379) on **March 22, 2019, at 9:15 a.m. in courtroom 251**, at which non-party Antonio Spratt must explain why he should not be held in contempt for failing to respond to and appear in response to State Farm Mutual's document and deposition subpoenas, unless the parties are able to resolve this motion by stipulated order in advance of the hearing and so inform the Court in writing. <u>Failure to appear for the hearing may result in a bench warrant being issued for Antonio Spratt's arrest and/or an order holding him in civil contempt.</u> State Farm Mutual shall certify to the Court in writing that a copy of this Order has been served upon Spratt by email, first class mail and overnight courier within three business days of its issuance.

**IT IS SO ORDERED.**

Dated: March 8, 2019            s/*Anthony P. Patti*
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 8, 2019, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti