UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC., ELITE
CHIROPRACTIC, P.C., ELITE
REHABILITATION, INC., MIDWEST
MEDICAL ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK L.
BITTNER, D.C., P.C., MARK A. RADOM,
DEREK LAWRENCE BITTNER, D.C.,
RYAN MATTHEW LUKOWSKI, D.C.,
MICHAEL P. DRAPLIN, D.C., NOEL H.
UPFALL, D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL J.
PALEY, M.D., DEARBORN CENTER
FOR PHYSICAL THERAPY, L.L.C.,
MICHIGAN CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**<u>ORDER REGARDING STATE FARM MUTUAL'S MOTION FOR ORDER
TO SHOW CAUSE AS TO WHY DARLENE SPRATT SHOULD NOT BE
HELD IN CONTEMPT (DE 407), AND SETTING SHOW CAUSE
HEARING FOR MARCH 22, 2019</u>**

I. **Procedural Background**

On or about February 7, 2019, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual") filed a motion to show cause against non-party Darlene Spratt for failure to respond to State Farm Mutual's subpoena for documents. (DE 407.) State Farm Mutual asserts in its motion that Darlene Spratt (hereinafter "Spratt"), along with her husband Antonio Spratt, were involved in a "scheme" whereby they obtained unapproved police reports from a Detroit police officer (before they were publicly available from lawful sources), and then sold those unapproved police reports to Defendant Jayson Rosett, and his father Robert Rosett, who in turn used those reports to solicit accident victims to be represented by Michael Morse and other personal injury attorneys. (DE 407 at 6-7.)

State Farm Mutual states that it served a subpoena for documents related to this "scheme" on Spratt on August 9, 2018, but that she did not respond. (*Id.* at 7-8, citing DEs 407-5, 407-6.) State Farm Mutual sentSpratt via certified mail a letter informing her that she missed the August 23, 2018 deadline to respond to the subpoena and thereby waived any objections, and requesting production of responsive documents, but she did not accept the certified mail. (*Id.* citing DEs 407-7, 407-8.)

State Farm Mutual then requested from the Court leave to file a motion for an order to show cause why Spratt should not be held in contempt for failing to respond to its subpoena for documents, which the Court granted. (DE 399, Text-only order dated 2/1/2019.) Accordingly, State Farm Mutual filed the instant motion, requesting that the Court order Darlene Spratt to show cause why she should not be held in contempt for failing to comply with the subpoena for documents. (DE 407.) Spratt has not responded to this motion, which was duly served upon her. (*Id.* at 12.)

## II.    Federal Rule of Civil Procedure 45

Federal Rule of Civil Procedure 45 govern subpoenas and the discovery of information from third parties. Rule 45(g) provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Whether to hold a party in contempt is within the sound discretion of the district court, but it is a power that "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 378 (citation

3

omitted). Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Id.* (citation omitted). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (citation omitted).

### III. Order

Upon consideration, State Farm Mutual and non-party Darlene Spratt are ordered to appear before the Court for a show cause hearing on State Farm Mutual's motion (DE 407) on **March 22, 2019, at 9:15 a.m. in courtroom 251**, at which non-party Darlene Spratt must explain why she should not be held in contempt for failing to comply with State Farm Mutual's subpoena, unless the parties are able to resolve this motion by stipulated order in advance of the hearing and so inform the Court in writing. <u>Failure to appear for the hearing may result in a bench warrant being issued for Darlene Spratt's arrest and/or an order holding her in civil contempt</u>. State Farm Mutual shall certify to the Court in writing that a copy of this Order has been served upon Spratt by email, first class mail and overnight courier within three business days of its issuance.

**IT IS SO ORDERED.**

Dated: March 8, 2019
s/**_Anthony P. Patti_**
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 8, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti