UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C., ELITE
REHABILITATION, INC., MIDWEST
MEDICAL ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK L.
BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL J.
PALEY, M.D., DEARBORN CENTER
FOR PHYSICAL THERAPY, L.L.C.,
MICHIGAN CENTER FOR
PHYSICAL THERAPY, INC., and
JAYSON ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**ORDER GRANTING STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY'S MOTION TO COMPEL ROCO AND
JACKIER GOULD TO PRODUCE DOCUMENTS RESPONSIVE TO
STATE FARM MUTUAL'S SUBPOENAS (DEs 145, 146), AS FURTHER
LIMITED AT THE MARCH 22, 2019 HEARING**

This matter is before the Court for consideration of State Farm Mutual Automobile Insurance Company's (State Farm) motion to compel ROCO and Jackier Gould to produce documents responsive to State Farm's subpoenas (DEs 145, 146), nonparties ROCO's and Jackier Gould's responses (DEs 183, 184), State Farm's reply briefs (DEs 233, 235), and the joint statement of resolved and unresolved issues (DE 242-5). All discovery matters have been referred to me for hearing and determination (DE 229), and a hearing was held on March 22, 2019, at which counsel for State Farm Mutual and nonparties ROCO, Jackier, Gould, Bean & Eizelman, P.C. (Jackier Gould), and Michael Morse appeared and the Court entertained oral argument regarding the unresolved issues.

Upon consideration of the motion papers and oral argument of counsel, State Farm's motion to compel (DEs 145, 146), as further narrowed by its counsel at the hearing, is **GRANTED** for all of the reasons stated on the record by the Court, which are incorporated by reference as though fully restated herein. Specifically,

1. State Farm represented that Jackier Gould and ROCO have produced all documents in their possession, custody or control responsive to the subpoenas, with the exception of documents that pertain to Michael Morse. Jackier Gould and ROCO have collected those documents that pertain to Mr. Morse, but object to producing those documents until Mr. Morse's objections to the subpoenas are resolved by the Court.

2. The Court finds that Mr. Morse does not have standing to object to the subpoenas issued to ROCO and Jackier Gould, having failed to adequately demonstrate a "personal interest or claim of privilege" in the subpoenaed documents. *Sys. Prods. & Sols., Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (quoting *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008)).

3. Alternatively, the Court has reviewed each of ROCO's, Jackier Gould's and Mr. Morse's objections to the subpoenas served on ROCO and Jackier Gould, and overrules those objections. In addition to the reasons stated on the record, the Court notes, with regard to the Fed. R. Civ. P. 26(b)(1) proportionality analysis, the strong public interest in combatting healthcare fraud and the relevance of the documents sought with regard to State Farm's unjust enrichment claim and discovery sought to trace the flow of money in the alleged fraudulent scheme.

4. The Court further notes that neither ROCO, Jackier Gould nor Mr. Morse filed a timely (or any) motion to quash the subpoenas or a motion for protective order.

5. At the hearing, counsel for State Farm limited Request Nos. 4 and 5 in the subpoenas to ROCO and Jackier Gould as follows:

   Request No. 4: All documents reflecting or relating to any Payments made to or received from Michael Morse or the Mike Morse Law Firm pertaining to: (a) any investments Michael Morse, the Mike Morse Law Firm or any entity owned or controlled by them, made on behalf or for the benefit of any other person or entity; and (b) any investment that any person or entity made on behalf or for the benefit of Michael Morse, the Mike Morse Law Firm, or any entity owned or controlled by them.

   Request No. 5: All documents and communications reflecting or relating to any contractual relationships, consulting agreements, financial arrangements, and/or other relationships pertaining to: (a) any investments Michael Morse, the Mike Morse Law Firm or any entity owned or controlled by them,

made on behalf or for the benefit of any other person or entity; and (b) any investment by any person or entity made on behalf of for the benefit of Michael Morse, the Mike Morse Law Firm, or any entity owned or controlled by them.

6. Jackier Gould and ROCO shall produce documents responsive to the subpoenas, as limited on the record and as stated above, by **April 1, 2019**.

No costs are awarded, as the Respondents to this motion were put in the unenviable position of having to await a ruling on the efficacy of objections sent to them by Michael Morse or face possible action by Mr. Morse against them if they had gone ahead and produced the subpoenaed documents at issue. As they accurately noted at the hearing, they were involuntarily placed in the middle of a dispute which was not of their own making, and simply needed the protection of a court order before completing the production.

**IT IS SO ORDERED.**

Dated: March 25, 2019  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 25, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti