UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C., ELITE
REHABILITATION, INC., MIDWEST
MEDICAL ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK L.
BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL J.
PALEY, M.D., DEARBORN CENTER
FOR PHYSICAL THERAPY, L.L.C.,
MICHIGAN CENTER FOR
PHYSICAL THERAPY, INC., and
JAYSON ROSETT

    Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

# ORDER DENYING STATE FARM MUTUAL'S MOTION TO COMPEL HARRIET MORSE TO PRODUCE DOCUMENTS RESPONSIVE TO STATE FARM MUTUAL'S SUBPOENA (DEs 143, 144)

This matter is before the Court for consideration of State Farm Mutual Automobile Insurance Company's (State Farm) motion to compel Harriet Morse to produce documents responsive to State Farm's subpoena (DEs 143, 144), non-party Harriet Morse's response (DE 186), State Farm's reply (DE 232), and the joint statement of resolved and unresolved issues (DE 242-1). All discovery matters have been referred to me for hearing and determination (DE 229), and a hearing was held on this motion on March 22, 2019, at which the Court entertained oral argument regarding the unresolved issues.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are herein incorporated by reference as though fully restated herein, State Farm's motion to compel Harriet Morse to produce documents responsive to State Farm's subpoena (DEs 143, 144) is **DENIED**, as the Court is satisfied that Harriet Morse has complied with the requests in the subpoena and that she has not withheld any documents on the basis of privilege, negating the need for a privilege log.

Finally, the Court declines to award costs because both sides' positions were substantially justified and required rulings from the Court, and because better communication from both sides could have obviated the need to go forward with this motion. As such, an award of costs would not be appropriate or just in this matter.

**IT IS SO ORDERED.**

Dated: March 25, 2019    s/*Anthony P. Patti*
　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 25, 2019, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　Honorable Anthony P. Patti