UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

          Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

          Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

# MEMORANDUM ORDER DENYING CORY J. MANN'S MOTION TO QUASH SUBPOENA, REQUEST FOR ENTRY OF PROTECTIVE ORDER (DE 449)

**I.     Background**

The record in this case demonstrates that Cory Mann was a member of Horizon Imaging, LLC ("Horizon"), through his company Mann Global, LLC, and managed its daily operations.  He was involved in early negotiations for Attorney Michael Morse to acquire a financial interest in Horizon.  Horizon, along with a number of other defendants, was sued in *State Farm Mutual Automobile Insurance Co. v. Universal Health Group, Inc.*, Case No. 14-cv-10266, a civil Racketeering Influenced and Corrupt Operations ("RICO") case alleging healthcare and insurance fraud, but resolved the matter at mediation, resulting in the dismissal of Horizon and one other co-defendant, Clear Imaging, LLC, in April 2016 ("Universal Case").

In the case at bar – also involving allegations by State Farm of healthcare and insurance fraud, albeit under a state common law conspiracy theory and against different health care providers, not including Mann or Horizon – Mann has been subpoenaed by State Farm for deposition. Mann has moved to quash the subpoena and for entry of a protective order prohibiting his deposition. (DE 449.) He argues that his deposition will constitute an undue burden because he will have to hire counsel, was already deposed by State Farm in the prior litigation and because he will invoke his Fifth Amendment right against self-incrimination in any deposition here. Additionally, he argues that his deposition will not contribute to

resolving the issues in this case, because State Farm already has all of the relevant evidence from Horizon or elsewhere. He notes that State Farm voluntarily settled claims in the prior litigation against Horizon and that any information to be obtained through his deposition now would be unreasonably cumulative. Finally, he argues that an ongoing federal criminal investigation will force him to assert his Fifth Amendment right against self-incrimination and posits that State Farm only wants to "'collect' Mann's Fifth Amendment non-responses so that it can deploy [a] negative inference against other parties." (DE 449 at 15.)

State Farm, in turn, argues in response that Mann has waived his objection to being deposed, that his deposition in the current matter would not be unreasonably cumulative, that the mere possibility of him invoking the Fifth Amendment is not enough to prevent him from being deposed, and that he would not be unduly burdened by having to testify in deposition. (DE 459.) Pursuant to Local Rule 7.1(f)(2) the Court finds that oral argument is not necessary to determine this motion and does so without a hearing. Having reviewed the motion briefs, the Court agrees with State Farm in all but one particular.

## II.  Analysis

### A.  Waiver

State Farm first argues that because Mann's attorney accepted service of the deposition subpoena, no objections were lodged and Mann did not ultimately

3

appear for his deposition, the objections are waived. Notably, however, State Farm does not attach a transcript of a non-appearance, and Mann argues that his counsel communicated his opinion that the subpoena was objectionable within days of its issuance and that counsel mutually agreed to adjourn the deposition so that the parties could seek direction from the Court. (DEs 459 at 12-13, 449 at 9.) Neither party has made a definitive record on this point, and the Court is not convinced that a waiver occurred. In fact, the Court's prior ruling on the letter request to file this motion indicates that the objection had been preserved, but would have been waived in the absence of the present motion. (DE 442 at 2.)

### B. Unreasonably Cumulative

The Court does agree with State Farm, however, that Mann's deposition here will not be unreasonably cumulative, and his objection on that basis is **OVERRULED**. Mann fails to identify or elaborate upon the prior depositions on which he relies in support of his objection, and his suggestion that he should simply be required to respond to written discovery in lieu of giving a deposition is not well taken. A party has the right to choose the vehicle by which it will seek discovery, and depositions are noticeably more effective because they lend themselves to immediate follow-up questions and allow for objections to be cured on the spot. As the Court has stated in prior orders and bench rulings in this case, and in prior State Farm cases of this nature, the parties are entitled to seek the same

evidence from different sources within the same case in order to test veracity and completeness and to uncover contradictory information. *See State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *11 (E.D. Mich. Nov. 26, 2013) ("[T]here is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party….") (internal citations omitted). Moreover, since the time of Mann's deposition in the Universal Case, it is likely that State Farm has developed and discovered new evidence which was not available to it in 2016 or earlier. State Farm is entitled to explore that evidence in different ways and with various witnesses. And deposition testimony or other discovery from the Universal Case may well have been designated as "Confidential" (and likely was) under a protective order in that litigation, thus making it potentially unusable here. The Court will not take Mann's word for it that "State Farm already has all of the relevant information" it needs. (DE 449 at 12.) The Court also disagrees with Mann's suggestion that his deposition will not contribute to resolving the issues this case. The Court finds that it may well do so.

    C.    **Invocation of the Fifth Amendment**

Mann argues that his deposition will be a waste of time because he intends to invoke his right against self-incrimination under the Fifth Amendment. He supports this by claiming that he is a target of a federal criminal investigation,

5

although he equivocates as to whether he is the actual target, in one place vaguely referring to "an ongoing investigation" in which he "*may* be included" and elsewhere stating that he "*is* currently subject to the federal investigation…." (DE 449 at 7, 14) (emphases added). He fails to attach the correspondence from the United States Attorney which allegedly identifies him as a prosecutorial target. In any case, the Court has already rejected that argument with respect to the deposition of Defendant Jayson Rosett, who also claimed that his deposition would be a waste of time because he would invoke the Fifth Amendment. (See DEs 395, 396.) As the Court explained previously, "There is no way of prospectively knowing whether and for what he will invoke the Fifth Amendment, until the questions are asked." (DE 395 at 3.) "Normally, invoking the amendment in response to every question is simply inappropriate." *Nat'l City Bank v. Crump*, No. 06-CV-11768-DT, 2006 WL 3447137 (E.D. Mich. Nov. 28, 2006.) Additionally, "[A] 'blanket assertion of the [Fifth Amendment] privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the question." *Flagg v. City of Detroit*, No. 05–74253, 2010 WL 3070104, at *1 (E.D. Mich. Aug. 4, 2010). It is rare that circumstances will "justify an order that a deposition not be taken at all, and the existence of [a Fifth Amendment] privilege is not one of those circumstances." *Id.* Mann's objection to

having to sit for a deposition on the prospective basis that intends to assert a Fifth Amendment privilege is **OVERRULED**.

D.  Undue Burden

Finally, Mann makes no showing of undue burden, attaching no supporting affidavit to that effect. The fact that he may choose to be represented by counsel at his deposition is not enough. Many, if not most, nonparty deponents appear for their depositions without counsel. Even if Mann does choose to be represented by counsel, the presence of his attorney will be for his benefit, not State Farm's. *See, e.g., Hennigan v. General Electric*, No. 09-11912, 2012 WL 13005370, at *2 (E.D. Mich. Apr. 2, 2012) at *2 (noting generally that "a privilege review does not benefit the requesting party and is generally an expense that, absent some unusual circumstances, should be borne by the responding party"). As this Court has previously stated, "'[i]f an objection is interposed based on an alleged undue burden, the objecting party must make a specific showing, usually … by affidavit, of why the demand is unreasonably burdensome." *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers*, 364 F. Supp.3d 758, 766 (E.D. Mich. 2018) (internal quotations and multiple citations omitted).

The Court recognizes that sitting for a deposition under subpoena – coming forward with information when compelled to do so in a civil or criminal proceeding – may be unpleasant, bothersome, and possibly even burdensome to

some extent.  The same could be said of serving on a jury.  Yet these are civic duties, both of which help assure that parties to litigation will have their fair day in court.  No doubt, it is the rare bird who wishes to have his deposition taken.  "But the fact that it will be either bothersome or burdensome" for a nonparty to comply with the request for discovery "does not necessarily mean that it will be *unduly* so." *Id*. at 767 (emphasis in original).  Fortunately, unlike discovery practice in cases pending before the state courts in Michigan, depositions in federal cases are "limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Mann's objection on the basis of undue burden is **OVERRULED.**

### III.  ORDER

For the reasons explained above, Mann's motion to quash his deposition subpoena/request for protective order is **DENIED**.  As discovery is nearing its conclusion in this case, Mann will make himself available for deposition at a mutually convenient date, time and place **within 21 days** of this order.

**IT IS SO ORDERED.**

Dated: June 14, 2019            s/*Anthony P. Patti*
                                                     Anthony P. Patti
                                                   UNITED STATES MAGISTRATE JUDGE