UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

        Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHINTAN DESAI, M.D.'s MOTION TO COMPEL PLAINTIFF TO RESPOND TO DESAI'S FIRST AND THIRD SET OF DISCOVERY REQUESTS (DE 485)

This matter is before the Court for consideration of Defendant Chintan Desai, M.D.'s motion to compel Plaintiff to respond to Desai's first and third set of discovery requests (DE 485), Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm's") response in opposition (DE 511), Desai's reply brief (DEs 522, 526) and the joint statement of resolved and unresolved issues (DE 537). All discovery matters have been referred to me for hearing and determination (DE 229), and a hearing was held on this motion on July 10, 2019, at which the Court entertained oral argument.

Upon consideration of the motion papers and oral argument of counsel, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Desai's motion to compel (DE 485) is **GRANTED IN PART and DENIED IN PART**, as follows:

1. **Third Set of Discovery Requests (2/4/19), Request to Produce No. 3:** State Farm shall search for and produce, **by July 24, 2019**, to the extent not previously produced, all deposition transcripts within its possession, custody or control of all witnesses identified on its Preliminary Witness List (DE 127)[1], specifically including State Farm

---

[1] At the hearing, State Farm was unable to confirm whether it had actually filed a witness list, or merely made initial disclosures. The Court instructed that deposition transcripts and statements would have to be provided for all witnesses identified on the initial disclosures; however, the Court clarifies that its instruction assumed that a witness list had not been filed. Because a witness list has been filed (DE 127), State Farm's production obligations in these respects will be limited to people appearing on its preliminary witness list or any subsequently-filed witness lists.

employee Diane Roberson, that relate to lawsuits brought by State Farm alleging claims for healthcare fraud, conspiracy to commit healthcare fraud, or racketeering, or to recover amounts paid for services that were not medically necessary or not performed (the latter category being limited to the 221 Patients at issue in this case) for the January 1, 2010 to present time period.

2. **Third Set of Discovery Requests (2/4/19), Request to Produce No. 5:** State Farm shall search for and produce, **by July 24, 2019**, all written or recorded statements within its possession, custody or control of all witnesses Plaintiff identified on its Preliminary Witness List (DE 127) that relate to lawsuits brought by State Farm alleging claims for healthcare fraud, conspiracy to commit healthcare fraud, or racketeering, or to recover amounts paid for services that were not medically necessary or not performed (the latter category being limited to the 221 Patients at issue in this case) for the January 1, 2010 to present time period.

3. **Third Set of Discovery Requests (2/4/19), Request to Produce No. 8:** State Farm shall produce, **by July 24, 2019,** the settlement agreement between State Farm and Horizon Imaging, LLC in *State Farm v. Universal Health Group, Inc.*, *et al.*, Case No. 14-cv-10266, which shall be deemed Confidential pursuant to the Stipulated Protective Order (DE 82) and which shall be filed under seal (based upon the findings made and reasons given on the record in open court) if submitted in any future filings.

4. **Third Set of Discovery Requests (2/4/19), Request to Produce No. 9:** State Farm shall produce, **by July 24, 2019,** the 2012 settlement agreement between State Farm and a non-party identified on State Farm's witness list (identified by State Farm at the hearing and in its response as the "2012 Agreement"), which shall be deemed Confidential pursuant to the Stipulated Protective Order (DE 82) and which shall be filed under seal (based upon the findings made and reasons given on the record in open court) if submitted in any future filings.

5. **First Set of Discovery Requests (7/10/18), Interrogatory Nos. 14, 15, 17, and 18 and Request to Produce No. 7:** Desai's motion to compel further responses to these discovery requests is **DENIED**.

6. **Privilege log:** The parties stated at the hearing that State Farm produced a privilege log to Desai on July 9, 2019. Accordingly, Desai's request to order one is **DENIED as moot**.

Finally, the Court declines to award costs to either side, as the motion to compel was granted in part and denied in part and therefore neither party fully prevailed.

**IT IS SO ORDERED.**

Dated: July 12, 2019  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE