UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Plaintiff,

v.

ELITE HEALTH CENTERS, INC.,
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT

       Defendants.
_____/

Case No. 2:16-cv-13040
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART AND DENYING IN PART
STATE FARM MUTUAL'S MOTION FOR SANCTIONS AGAINST
DEFENDANT CHINTAN DESAI, M.D. (DE 477)</u>**

This matter is before the Court for consideration of State Farm Mutual Automobile Insurance Company's ("State Farm's") motion for sanctions against Defendant Chintan Desai, M.D. (DE 477), Defendant Desai's response in opposition (DE 509), State Farm's reply (DE 523) and the joint statement of resolved and unresolved issues (DE 538). All discovery matters have been referred to me for hearing and determination (DE 229), and a hearing was held on this motion on July 10, 2019, at which the Court entertained oral argument.

"[A] court has broad discretion over discovery matters, and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled only if the district court finds an abuse of discretion." *State Farm Mut. Auto. Ins. Co. v. Spine Specialists of Mich.*, No. 14-13299, 2016 WL 8787121, at *3 (E.D. Mich. Mar. 14, 2016) (internal citation omitted); *see also* Fed. R. Civ. P. 1 (recognizing that the Federal Rules of Civil Procedure "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). In addition, the Court has the inherent authority to sanction litigants who disobey judicial orders, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court

and its proceedings." *Dell, Inc. v. Elles*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)).

Upon consideration of the motion papers and oral argument of counsel, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, State Farm's motion for sanctions against Desai (DE 477) is **GRANTED IN PART and DENIED IN PART**.

State Farm requests that the Court sanction Desai for his alleged discovery misconduct, asking that State Farm be permitted to forensically image Desai's personal devices and email accounts, at Desai's expense. (DE 477.) Desai opposes this motion, arguing that he has reasonably and in good faith responded to discovery requests, and submits his and his IT expert's affidavits in support. (DE 509.) Without contesting the veracity of those affidavits, the Court notes that the record is filled with examples of Desai seemingly selectively forgetting requested information, such as email and/or bank accounts, until he is confronted with such information by State Farm, which has obtained it from other sources, including production made by other defendants. And the tardiness and "sudden recollection" with respect to bank accounts comes well after Dr. Desai was under a Court-ordered obligation to "produce responsive documents limited to bank statements,

evidence of deposits, cancelled checks, and wire transfers, in or out of the account, on or before **August 24, 2018**." (DE 280 at 3.) Accordingly, State Farm is entitled to some relief, although not the more invasive measure of forensic examination that it requests on this record. Instead, State Farm shall be permitted to depose Defendant Desai for two days (for up to seven hours each day), with one of those days devoted to exploring the issues State Farm has raised in its motion.

If that deposition reveals additional support for a motion for sanctions against Desai for discovery misconduct, State Farm may renew its motion for sanctions, limited to a five-page summary, and attach a copy of the complete deposition transcript, with relevant portions highlighted (and color-coded, if that makes sense in context). Desai may then file a five-page summary in response, and attach a copy of the complete deposition transcript, highlighting the portions it wishes to draw to the Court's attention. The Court notes that it may prove helpful to videotape this deposition, in the event that the Court is placed in the unfortunate and undesirable position of having to review it.

Hopefully, there will be no need to file such a renewed motion, and State Farm is cautioned against doing so unnecessarily. Likewise, Dr. Desai is cautioned to carefully read Fed. R. Civ. P. 37(b)(2), and is reminded of his obligation to supplement discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if

the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). It would behoove him, with all due haste, to thoroughly review his existing discovery responses for accuracy, and further supplement them as necessary, well in advance of his looming deposition.

Finally, the Court declines to award costs to either side, as the motion for sanctions was granted in part and denied in part and, therefore, neither party fully prevailed.

**IT IS SO ORDERED.**

Dated: July 12, 2019                    s/*Anthony P. Patti*
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE