UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Plaintiff,

v.                                                          Case No. 16-13040

ELITE HEALTH CENTERS, INC.,              HON. AVERN COHN
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING ELITE DEFENDANTS' OBJECTIONS TO THE DENIAL OF A LETTER REQUEST TO FILE A MOTION TO DISQUALIFY STATE FARM'S COUNSEL (Doc. 541)[1]

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

I. Introduction

This is an insurance fraud case. Before the Court is the Elite Defendants' Objection to the Magistrate Judge's Opinion and Order Denying Elite Defendants and Dr. Chintan Desai's Letter Requests for Leave to File Motion to Disqualify State Farm's Counsel and Exclude Unethically Obtained Evidence. (Doc. 541). The issue is whether the magistrate judge's decision that the Elite Defendants should not be permitted to file a motion to exclude evidence and disqualify Miller Canfield and Katten Muchin Rosenman as State Farm counsel is clearly erroneous or contrary to the law? The answer is no.

II. Background

In May of 2019, the Elite Defendants sought leave to move to disqualify Miller Canfield and Katten as counsel for State Farm based on "Miller Canfield's unethical and improper use or disclosure of secrets or client confidences of its client Joshua Katke," a non-party (1) who helped form and open MRI centers Horizon and Superior (which billed for MRIs on many patients at issue), and co-owns with defendant Chintan Desai another MRI Center, M1 Imaging (which billed for MRIs on a small number of patients at issue); and (2) on whom State Farm served subpoenas for documents and a deposition. The Elite Defendants alleged that "[i]t is all but certain that Miller Canfield learned information about Defendants by virtue of its attorney-client relationship with Katke, and according to Katke, then disclosed that information to Katten, which it is using to prosecute its case against Defendants." Doc. 488 (citing MRPC 1.6 (prohibiting lawyers from revealing confidence of client or using it for the advantage of the lawyer or a third person)). Dr. Chintan Desai filed a similar letter request. (Doc. 501).

State Farm objected to the letter requests and attached a sworn declaration from Katten attorney Kathy P. Josephson stating that Miller Canfield did not reveal to Katten or State Farm information about or arising out of Miller Canfield's representation of Katke, including any confidential information.  Miller Canfield filed the sworn declaration of Thomas W. Cranmer, further confirming "Miller Canfield has not used or revealed to Katten or State Farm any confidential information relating to Miller Canfield's representation of Mr. Katke (or any other client)."  (Doc. 492.)  State Farm also argued that the Elite Defendants lack standing to move to disqualify.  (Doc. 490).

The magistrate judge denied the Elite Defendants' and Desai's requests to move to disqualify SFM's counsel and exclude evidence obtained by Miller Canfield, concluding that they "lack standing to file a motion to disqualify Miller Canfield and Katten . . . because they do not have, and have never had, an attorney client relationship with Miller Canfield or Katten."  (Doc. 518 at 3).

The magistrate judge also rejected the Elite Defendants' and Desai's efforts to exclude evidence.  The magistrate judge explained that these efforts were premised on an allegation of improper disclosure of client confidences of client Katke by Miller Canfield.  The magistrate judge, however, found that the defendants failed to provide any support for their "speculat[ion]" that Miller Canfield disclosed client confidences; that "State Farm has likely had multiple sources, including some publicly available ones from which it was able to piece together the history of Katke's corporate dealings, without access to Miller Canfield's files"; and that the "very loose inferences" offered by the Elite Defendants "will not suffice to convince the Court that the firm's ethical integrity has been breached."  Id. at 9–10.  The magistrate judge also found that even if there had

3

been a breach of confidence between Miller Canfield and Katke, "the Elite Defendants and Desai [again] lack standing to assert that claim" for the purposes of moving to exclude evidence. Id. at 10–12.

III. Legal Standard

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard...." Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). Clear error has occurred when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Caseer, 399 F.3d 828, 840 (6th Cir. 2005) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Ford Motor Co. v. United States, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009).

IV. Discussion

The Court has reviewed the magistrate judge's order and papers relating to the Elite Defendants' objections. Nothing in the magistrate judge's ruling is clearly erroneous or contrary to law. No further explanation is necessary.

Accordingly, the magistrate judge's order denying the Elite Defendants' request

4

to file a motion to disqualify is AFFIRMED.  The Elite Defendants' objections are DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/26/2019
      Detroit, Michigan