UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Plaintiff,

v.                                                                    Case No. 16-13040

ELITE HEALTH CENTERS, INC.,                    HON. AVERN COHN
ELITE CHIROPRACTIC, P.C.,
ELITE REHABILITATION, INC.,
MIDWEST MEDICAL
ASSOCIATES, INC., PURE
REHABILITATION, INC., DEREK
L. BITTNER, D.C., P.C., MARK A.
RADOM, DEREK LAWRENCE
BITTNER, D.C., RYAN MATTHEW
LUKOWSKI, D.C., MICHAEL P.
DRAPLIN, D.C., NOEL H. UPFALL,
D.O., MARK J. JUSKA, M.D.,
SUPERIOR DIAGNOSTICS, INC.,
CHINTAN DESAI, M.D., MICHAEL
J. PALEY, M.D., DEARBORN
CENTER FOR PHYSICAL
THERAPY, L.L.C., MICHIGAN
CENTER FOR PHYSICAL
THERAPY, INC., and JAYSON
ROSETT,

       Defendants.

_____/


**<u>MEMORANDUM AND ORDER DENYING NON-PARTY MICHAEL J. MORSE'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART STATE FARM'S MOTION TO COMPEL (Doc. 561)[1]</u>**


I. Introduction

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2). However, the matter was discussed during a status conference on the record on August 20, 2019.

This is an insurance fraud case.  Before the Court is nonparty Michael J. Morse's Objections to the Magistrate Judge's Opinion and Order Granting in Part and Denying in Part State Farm's Motion to Compel.  (Doc. 561).  The issue is whether the magistrate judge's decision that Michael Morse be compelled to comply with State Farm's document requests is clearly erroneous or contrary to the law?  <u>See</u> Doc. 535. The answer is no.

## II.  Background

For several months, State Farm has tried to get documents from Morse about the true nature of his role in, and knowledge of, Defendants' fraud scheme.  On November 15, 2019, State Farm filed a motion to compel Morse to produce documents responsive to State Farm Subpoena and described important evidence obtained from Defendants and third-parties that Morse played a critical role in facilitating Defendants' scheme starting in 2010.  In July of 2019, the magistrate judge ruled on State Farm's motion and ordered Morse to produce documents relevant to his role and involvement in the activities at the heart of this case, including: (1) his financial arrangements with, or payments made to or received from, Defendants and related third parties; (2) communications with Defendants and related third parties regarding topics relevant to the scheme; (3) documents related to patients whose services are at issue in this case; (4) documents related to MRI entities Horizon, Superior and M1.  In his objections, Morse offers no new law or evidence or argument, but simply says that the magistrate judge's order was clearly erroneous and contrary to law.  Morse's objections do not carry the day.

## III.  Legal Standard

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law.  <u>See</u> 28 U.S.C. § 636(b)(1)(A);

Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard.... " Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). Clear error has occurred when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Caseer, 399 F.3d 828, 840 (6th Cir. 2005) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Ford Motor Co. v. United States, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009).

## IV. Discussion

The Court has reviewed the magistrate judge's order and papers relating to Morse's objections. Nothing in the magistrate judge's ruling is clearly erroneous or contrary to law. No further explanation is necessary.

Accordingly, the magistrate judge's order granting State Farm's motion to compel is AFFIRMED. Morse's objections are DENIED.

SO ORDERED.


S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/26/2019
        Detroit, Michigan